UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (F/K/A CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, and ASTRONERGY SOLAR, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 26-00812 |

## COMPLAINT

Plaintiffs Chint Solar (Hong Kong) Company Limited, Chint Solar (Jiuquan) Co., Ltd., Chint Solar (Zhejiang) Co., Ltd., Chint New Energy Technology Co., Ltd. (f/k/a Chint New Energy Technology (Haining) Co., Ltd.), M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar (collectively, "Chint"), by and through undersigned counsel, hereby allege and state as follows.

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.  Chint seeks review of the final determination of the U.S. Department of Commerce, International Trade Administration's ("Commerce" or "Department") eleventh administrative review ("AR11") of the antidumping duty ("ADD") duty Order on crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), from the People's Republic of China ("China"), having the period of review ("POR") spanning December 1, 2022 – November 30, 2023, published as *Crystalline Silicon Photovoltaic Cells, Whether or Not*

*Assembled Into Modules, from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 60,060 (Dec. 23, 2025) (*"Final Results"*).

2.     The challenged determinations, findings, and conclusions are set out primarily in the Commerce's Issues and Decision Memorandum ("IDM"), dated December 17, 2025, accompanying the *Final Results*, 90 Fed. Reg. 60,060.

## JURISDICTION

3.     This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(i) to contest the *Final Results* issued by Commerce in AR11 of the ADD order on solar cells from China. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4.     Chint participated in AR11 of the ADD order on solar cells from China that resulted in the challenged *Final Results*. Therefore, Chint is an interested party described under 19 U.S.C. § 1677(9)(A) and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516(d).

## TIMELINESS OF THE ACTION

5.     Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) regarding ADD administrative reviews must file a summons within 30 days of the date of publication in the Federal Register of the final determination. 19 U.S.C. § 1516a(a)(2)(A)(i). Commerce published the *Final Results* on December 23, 2025.

6.     This action was timely commenced within thirty days of the date of publication of the *Final Results* through the filing of the Summons on January 22, 2026. This Complaint is timely filed within 30 days of the filing of Chint's Summons. Therefore, both the Summons and this

Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## BACKGROUND

7. On December 29, 2023, the American Alliance for Solar Manufacturing Alliance (the "Alliance") timely filed a request that the Department conduct AR11 of the China Solar Order with respect to 66 companies, including: Chint Energy (Haining) Co., Ltd.; Chint Solar (Hong Kong) Company Limited; Chint Solar (Jiuquan) Co., Ltd.; Chint Solar (Zhejiang) Co., Ltd.; Chint New Energy Technology (Haining) Co. Ltd.

8. On February 8, 2024, Commerce initiated AR11 of the ADD order on solar cells from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8,641 (Feb. 8, 2024) ("*Initiation Notice*"). The *Initiation Notice* listed the Chint companies for whom a review was requested.[1]

9. On February 14, 2024, Commerce released Customs and Border Protection ("CBP") data specifying entries of subject merchandise for the companies for which AR11 was initiated.

10. On March 8, 2024, Chint timely filed a No Shipment Letter, attesting to the fact that it did not have entries, exports or sales of solar cells in AR11.

11. On May 14, 2024, the Department published notice of its intent to rescind AR11 with respect to four Chint companies whose shipments had been subject to AR11: Chint Solar (Hong Kong) Company Limited; Chint Solar (Jiuquan) Co., Ltd.; Chint Solar (Zhejiang) Co., Ltd.; Chint New Energy Technology (Haining) Co. Ltd. Commerce reasoned that "the CBP data

---

[1] The Alliance's review request and the *Initiation Notice* included "Chint Energy (Haining) Co., Ltd." 89 Fed. Reg. 8643. In its No Shipment letter filed on March 8, 2024, Chint advised the Department that the correct name of this company is Chint New Energy Technology Co., Ltd. (f/k/a Chint New Energy Technology (Haining) Co., Ltd.), for whom a review also was requested.

3

showed no suspended entries of subject solar cells during the POR for the companies for which Commerce initiated this administrative review that are listed in the Attachment to this memorandum" and that "in the absence of any suspended entries of subject solar cells during the POR from the companies listed in the Attachment to this memorandum, Commerce hereby notifies all interested parties of its intent to rescind this review with respect to the companies that are listed in the Attachment to this memorandum."

12.     In April 2025, Commerce preliminarily determined to rescind AR11 with respect to the four Chint companies named in Commerce's May 14, 2024 Memorandum. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Results and Partial Rescission of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2022–2023*, 90 Fed. Reg. 15,439 (Apr. 11, 2025) ("*Preliminary Results*").

13.     In its Preliminary Decision Memorandum ("PDM") accompanying the *Preliminary Results*, Commerce stated that: "As noted in the Intent to Rescind Memorandum, CBP entry data shows no suspended entries of subject merchandise during the POR from the following companies, all of which had separate rates during the POR."

14.     In its PDM accompanying the *Preliminary Results*, Commerce also stated that CBP entry data for AR11 show no entries of subject merchandise from 36 companies without a separate rate for which Commerce initiated this review. Commerce continued: "Because there were no entries of subject merchandise from these companies during the POR for Commerce to examine in this administrative review, and these companies did not have a separate rate, these companies remain in the China-wide entity." These companies included one Chint company for whom a review was requested: Chint Energy (Haining) Co., Ltd.

15.     After the *Preliminary Results* published, Astronergy Solar became aware of the fact that CBP had determined that certain Anticircumvention ("AC") Certifications which it had submitted to CBP for shipments entered during AR11 were invalid, and that had changed Astronergy's entries in the CBP system from Types not subject to ADD/ countervailing duties ("CVD"), such as entry Type "01", to Types subject to ADD/CVD under the Orders on solar cells from China, such as entry Type "03". The entries that were changed included solar products exported from Thailand by M.L.T. Solar Energy Product Co., Ltd. and Astronergy Singapore Technology (Singapore) Pte. Ltd.

16.     Chint exports of solar cells and solar modules entered in AR11 for which CBP changed the status from entry types not subject to ADD/CVD, such as entry Type "01", to Types subject to ADD/CVD under the Orders on solar cells from China, such as entry Type "03", were exported from Thailand, incorporating cells and modules produced in Thailand, and were accompanied by Certifications attesting to the fact that these entries were not subject to ADD/CVD Orders on solar cells from China because they were subject to the Moratorium authorizing entry without payment of ADD/CVD.

17.     On August 19, 2025, Chint submitted a letter asking Commerce to include Chint exports and imports in AR11.

18.     Chint's August 19, 2025, request was based on the fact that in an August 23, 2023, decision in the AC inquiries of solar cells from China, Commerce expressly and unequivocally stated that: "If CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD assessment for the entry." *Antidumping and Countervailing Duty Orders*

*on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China*, 88 Fed. Reg. 57,419 (Aug. 23, 2023), IDM for the Socialist Republic of Vietnam Comment 15 & IDM for Malaysia Comment 14.

19. Chint stated that "good cause" existed for Commerce to accept its August 19, 2025 letter.

20. On November 24, 2025, Commerce rejected Chint's August 27, 2025, letter as untimely, and removed the letter from the administrative record. Commerce did so because "the deadline for filing this type of factual information is 30 days before the scheduled date of the preliminary results of review which is March 10, 2025" and that "the extended deadline for filing written arguments, such as those contained in . . . Chint's submissions, was no later than May 9, 2025. However, . . . Chint filed the submissions in question on . . . August 27, 2025, . . . after the deadlines noted above."

21. On December 17, 2025, Commerce issued its *Final Results*, finalizing its determination Chint Energy (Haining) Co., Ltd.[2] remained part of the China-Wide entity. *Final Results*, 90 Fed. Reg. at 60,062.

22. In its *Final Results*, Commerce stated that "because there were no entries of subject merchandise from the companies listed in Appendix II of this notice during the POR, none of which had a separate rate during the POR, these companies remain in the China-wide entity." Chint Energy (Haining) Co., Ltd.[3] was listed in Appendix II.

23. In its IDM accompanying the *Final Results*, Commerce reasoned that CBP "has the ultimate authority to assess the certifications at issue without necessarily consulting with, or receiving approval of its decisions from, Commerce," and that "in this instance, Commerce

---

[2] Chint Energy (Haining) Co., Ltd. is incorrect spelling of the name of "Chint New Energy Technology Co., Ltd. (f/k/a Chint New Energy Technology (Haining) Co., Ltd."
[3] *Id*.

6

declines to issue any instructions to CBP regarding CBP's review of the at-issue certifications."

24.  On December 16, 2025, Chint submitted a letter requesting that Commerce include Chint AR11 entries in the subsequent, twelfth administrative review of solar cells from China ("AR12"), or alternatively conduct a separate Annual Review of Chint entries. Chint stated that: (1) Chint previously had submitted a "No Shipment" letter; (2) CBP recently had advised Chint that the Anticircumvention ("AC") Certifications which Chint submitted to CBP are invalid, which means that Chint currently has entries subject to these Annual Reviews; (3) Commerce has taken the position that "if CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD assessment for the entry"; (4) Commerce should include Chint entries in these administrative review "wherein Commerce will determine the appropriate AD/CVD assessment" for Chint entries; (5) Commerce should determine that it is inappropriate to assess any ADD duties on these entries; and (6) Commerce is required to expand the period of review to cover all suspended entries resulting from CBP's actions, even if a normal review opportunity has passed, *i.e.*, if Commerce concludes that Chint's entries during the 12/1/22 – 11/30/23 review should not be covered by that review, Commerce should include these entries in the 12/1/23 – 11/30/24 review.

25.  Commerce did not respond to Chint's letter filed on December 16, 2025.

## STATEMENT OF CLAIMS

### COUNT ONE

26.  Paragraphs 1 to 25 are adopted, incorporated and re-alleged here by reference.

27.  Commerce's decision that entries of solar products exported by Chint should be assessed

ADD at the China-wide entity rate of 238.95 percent was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TWO

28. Paragraphs 1 to 25, and 27 are adopted, incorporated and re-alleged here by reference.

29. Commerce's decision to reject Chint's August 19, 2025 letter, containing information that Chint had exports of entries of solar products subject to AR11 because of CBP's decision to reject Chint AC Certifications, was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THREE

30. Paragraphs 1 to 25, 27, and 29 are adopted, incorporated and re-alleged here by reference.

31. Commerce's decision to ignore Commerce's express and unequivocal directive that "if CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders,* the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate ADD/CVD assessment for the entry" was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FOUR

32. Paragraphs 1 to 25, 27, 29, and 31 are adopted, incorporated and re-alleged here by reference.

33. Commerce's decision that certain Chint entities had no exports or entries subject to AR11, after Chint had advised Commerce that such exports and entries existed because of a decision by CBP to reject Chint Certifications, was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FIVE

34. Paragraphs 1 to 25, 27, 29, 31, and 33 are adopted, incorporated and re-alleged here by reference.

35. Commerce's decision that Chint entries subject to AR11 should not be assessed a separate rate was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SIX

36. Paragraphs 1 to 25, 27, 29, 31, 32, 33, and 35 are adopted, incorporated and re-alleged here by reference.

37. Commerce's refusal to review CBP's decision that defects in Chint's AC Certifications resulted in Chint's AR11 entries being subjected to ADD at the China-wide rate abdicates its statutory authority as the sole authority for determining ADD rates, unlawfully delegates that authority to CBP, was not supported by substantial evidence and was otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Chint requests that this Court:

(a) hold that the Department's *Final Results* is unsupported by substantial evidence and is otherwise not in accordance with law;

(b) remand the *Final Results* to the Department with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        */s/ Ned H. Marshak*
        Ned H. Marshak\*
        Jordan C. Kahn
        Elaine F. Wang
        Brandon M. Petelin

        GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

        \*599 Lexington Ave., 36th Floor
        New York, New York 10022
        (212) 557-4000
        \*\*
        1201 New York Ave., NW, Suite 650
        Washington, DC 20005
        (202) 783-6881

        *Counsel to Plaintiffs Chint Solar (Hong Kong) Company Limited, Chint Solar (Jiuquan) Co., Ltd., Chint Solar (Zhejiang) Co., Ltd., Chint New Energy Technology Co., Ltd. (f/k/a Chint New Energy Technology (Haining) Co., Ltd.), M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar.*

Dated: February 23, 2026

## CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on February 23, 2026, I caused a copy of the foregoing Complaint to be served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20005

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

**On Behalf of the American Alliance for Solar Manufacturing**
Laura El-Sabaawi, Esq.
**Wiley Rein LLP**
2050 M Street, NW
Washington, DC 20036

**On Behalf of BYD (Shangluo) Industrial Co., Ltd., Shanghai BYD Co., Ltd., BYD H.K. Co., Ltd., Canadian Solar International Limited, Canadian Solar Manufacturing (Changshu), Inc., Canadian Solar Manufacturing (Luoyang), Inc., CSI Cells Co., Ltd., CSI Solar Co., Ltd. (f.k.a. CSI Solar Power (China) Inc.), CSI Solar Manufacturing (Fu Ning) Co., Ltd. (f.k.a. CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd.), CSI Modules (DaFeng) Co., Ltd.**
Jonathan Thomas Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

**On Behalf of JA Solar USA Inc, JingAo Solar Co., Ltd., Shanghai JA Solar Technology Co., Ltd., Longi (HK) Trading Ltd., Longi Solar Technology Co. Ltd., Shenzhen Topray Solar Co., Ltd., Vina Cell Technology Company Limited, Vina Solar Technology Company Limited, and Zhejiang Aiko Solar Energy Technology Co., Ltd., JA Solar Vietnam Company Limited, JA Solar PV Vietnam Company Limited, JA Solar International Limited**
Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

**On Behalf of Trina Solar Co., Ltd.; Trina Solar (Changzhou) Science and Technology Co., Ltd.; Trina Solar Energy Development Company Limited; Trina Solar Science & Technology (Thailand) Ltd., and Red Sun Energy Long An Company Limited**
Jonathan M. Freed, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003

**On Behalf of Hanwha Q CELLS USA, Inc.**
John M. Gurley, Esq.
**ArentFox Schiff LLP**
1717 K Street
Washington DC 20006

**On Behalf of Anji DaSol Solar Energy Science & Technology Co., Ltd. ("Anji DaSol")**
Brittney Powell, Esq.
**Fox Rothschild LLP**
2020 K Street, NW, Suite 500
Washington, D.C. 20006

**On Behalf of Risen Solar Technology Sdn. Bhd; Shenzhen Sungold Solar Co., Ltd.; Shenzhen Glory Industries Co., Ltd.; Boviet Solar Technology Co., Ltd.; Yingli Energy (China) Company Limited; Risen Energy Co., Ltd.; Xiamen Yiyusheng Solar Co., Ltd**
Gregory Menegaz, Esq.
**The Inter-Global Trade Law Group PLLC**
1156 15th Street, NW
Suite 1101
Washington, DC 20005

**On Behalf of Representative of Maodi Solar Technology (Dongguan) Co., Ltd**
Joyce Sun
**Gaopeng & Partners**
7/F, Tower B, Gateway Plaza, 18 Xiaguangli, Chaoyang District, Beijing 100027, China Washington, DC 20005

                              */s/* Ned H. Marshak
                                Ned H. Marshak