**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (f/k/a CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, and ASTRONERGY SOLAR, <br><br> Plaintiffs, <br><br> and <br><br> BOVIET SOLAR TECHNOLOGY CO., LTD., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, <br><br> Defendant-Intervenor. | Court No. 26-00812 |

**DEFENDANT'S PARTIALMOTION TO DISMISS AND RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:                                    COLLIN T. MATHIAS
Jack Dunkelman                                 Trial Attorney
Attorney                                       Commercial Litigation Branch
U.S. Department of Commerce                    Civil Division
Office of the Chief Counsel for Trade          U.S. Department of Justice
Enforcement and Compliance                     PO Box 480
                                               Ben Franklin Station
                                               Washington, DC 20044
                                               Tel: (202) 307-0315
                                               Email: Collin.T.Mathias@usdoj.gov

                                               Attorneys for Defendant

April 15, 2026

2

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (f/k/a CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, and ASTRONERGY SOLAR, | |
| Plaintiffs, | |
| and | |
| BOVIET SOLAR TECHNOLOGY CO., LTD., | |
| Plaintiff-Intervenor, | |
| v. | Court No. 26-00812 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | |
| Defendant-Intervenor. | |

**ORDER**

Upon consideration of the plaintiffs' motion for a preliminary injunction, defendant's partial motion to dismiss and response in opposition to plaintiffs' motion, and all other papers, it is hereby

ORDERED that the plaintiffs' motion for a preliminary injunction is denied and, it is further;

ORDERED that the defendant's partial motion to dismiss is granted and, it is further;

ORDERED that plaintiffs plaintiffs M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar are dismissed.

Dated: _____                    _____
      New York, New York                    Joseph A. Laroski, Jr., Judge

**TABLE OF CONTENTS**

**PAGE**

DEFENDANT'S PARTIAL MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION ............................................. 1

INTRODUCTION ........................................................................................................................ 2

BACKGROUND ......................................................................................................................... 3

ARGUMENT ............................................................................................................................... 8

    I.    Standard of Review for Injunctive Relief ................................................................ 8

    II.    Standard of Review for Rule 12(b)(1) Motion to Dismiss ..................................... 9

    III.    This Court Does Not Possess Jurisdiction to Review Chint's Challenge Because
        The MLT Plaintiffs Are Not Interested Parties to the Proceeding ........................ 10

        a.    Legal Background of Administrative Reviews ............................................... 10

        b.    Because No Party, Including Chint, Requested a Review of These Entries, The
            MLT Plaintiffs Are Not Interested Parties to this Administrative Review ..... 11

    IV.    Because the Court Lacks Jurisdiction, MLT Plaintiffs Are Not Entitled to a
        Preliminary Injunction ........................................................................................ 14

        a.    MLT Plaintiffs Are Not Likely to Succeed on the Merits .............................. 14

        b.    The Remaining Injunctive Factors Do Not Favor Plaintiffs .......................... 16

CONCLUSION............................................................................................................................ 18

# TABLES OF AUTHORITIES

Page(s)

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com*, Inc.,
239 F.3d 1343 (Fed. Cir. 2001) ................................................................................ 8

*Bhullar v. United States*,
259 F. Supp. 2d 1332 (Ct. Int'l Trade 2003) ...........................................................11

*BMW of N. Am. LLC v. United States*,
926 F.3d 1291 (Fed. Cir. 2019) .............................................................................. 10

*Design Int'l Grp., Inc. v. United States*,
113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) ......................................................... 10

*Fine Furniture (Shanghai) Ltd. v. United States*,
865 F. Supp. 2d 1254 (Ct. Int'l Trade 2012) ......................................................... 13

*Goodluck India Limited v. United States*,
670 F. Supp. 3d 1353 (Ct. Int'l Trade 2023) ...........................................11, 12, 13, 14

*GPX Int'l Tire Corp. v. United States*,
587 F. Supp. 2d 1278 (Ct. Int'l Trade 2008) ........................................................... 9

*J. Conrad LTD v. United States*,
457 F. Supp. 3d 1365 (Ct. Int'l Trade 2020) ........................................................... 9

*JCM, Ltd. v. United States*,
219 F.3d 1357 (Fed. Cir. 2000) ........................................................................11, 14

*Mazurek v. Armstrong*,
520 U.S. 968 (1997) ................................................................................................. 8

Munaf v. Geren,
553 U.S. 674 (2008) ................................................................................................. 8

*Nken v. Holder*,
556 U.S. 418 (2009) ............................................................................................... 16

*Norsk Hydro Can., Inc. v. United States*,
472 F.3d 1347 (Fed. Cir. 2006) .............................................................................. 10

ii

*Otter Prods., LLC v. United States*,
  37 F. Supp. 3d 1306 (Ct. Int'l Trade 2014) ................................................................... 8

*Qingdao Taifa Group Co., Ltd. v. United States*,
  581 F.3d 1375 (Fed. Cir. 2009) ..................................................................................... 16

*Reiner Brach GmBH & Co.KG v. United States*,
  206 F. Supp. 2d 1323 (Ct. Int'l Trade 2002) ................................................................ 13

*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574 (1999) ....................................................................................................... 17

*Shandong Huarong Gen. Grp. v. United States*,
  122 F. Supp. 2d 143 (Ct. Int'l Trade 2000) ................................................................... 9

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1998) ......................................................................................................... 10

*U.S. Association of Importers of Textiles & Apparel v. United States*,
  413 F.3d 1344 (Fed. Cir. 2005) ..................................................................................... 15

*United States v. Cotton*,
  535 U.S. 625 (2002) ....................................................................................................... 10

*United States v. King*,
  395 U.S. 1 (1969) ............................................................................................................. 9

*United States v. Mitchell*,
  445 U.S. 535 (1980) ......................................................................................................... 9

*United States v. Nordic Village, Inc.*,
  503 U.S. 30 (1992) .................................................................................................... 10, 14

*United States v. Sherwood*,
  312 U.S. 584 (1941) ......................................................................................................... 9

*United States v. Williams*,
  514 U.S. 527 ................................................................................................................... 10

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) .......................................................................................................... 8, 9

*Yantai Timken Co. v. United States*,
  521 F. Supp. 2d 1356 (Ct. Int'l Trade 2007) ................................................................ 13

iii

**Statutes**

19 U.S.C. 1516a ........................................................................................................................ 11

19 U.S.C. § 1675(a)(1) ................................................................................................. 4, 10, 13, 17

19 U.S.C. § 1677(9)(A) .................................................................................................... 11, 12, 14

28 U.S.C. § 1581(c) ............................................................................................................ 7, 8, 11

28 U.S.C. § 2631(c) ............................................................................................................... 11, 14

28 U.S.C. § 2631(k)(1) ................................................................................................................ 11

**Regulations**

19 C.F.R. § 351.102(b)(47) ........................................................................................................... 4

19 C.F.R. § 351.212(c)(ii) ........................................................................................................... 13

19 C.F.R. § 351.213(a) ................................................................................................................ 13

19 C.F.R. § 351.213(b) ........................................................................................................ passim

19 C.F.R. § 351.228 ............................................................................................................. 15, 16

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (f/k/a CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, and ASTRONERGY SOLAR, | |
| Plaintiffs, | |
| and | |
| BOVIET SOLAR TECHNOLOGY CO., LTD., | |
| Plaintiff-Intervenor, | |
| v. | Court No. 26-00812 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | |
| Defendant-Intervenor. | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rules 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court partially dismiss the complaint filed by, as relevant, plaintiffs M.L.T. Solar Energy Product Co., Ltd., Astronergy

5

New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar (collectively, MLT Plaintiffs) for lack of subject matter jurisdiction. [1]  This Court lacks jurisdiction to entertain Plaintiffs' challenge to the Department of Commerce's final determination concerning crystalline silicon photovoltaic cells (solar cells) from the People's Republic of China (China).  Plaintiffs are not interested parties to Commerce's proceeding, and therefore they lack standing to pursue judicial review.

Pursuant to Rule 65 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits this response in opposition to the motion for a preliminary injunction filed by Plaintiffs Chint Solar (Hong Kong) Company Limited; Chint Solar (Jiuquan) Co. Ltd., Chint Solar (Zhejiang) Co., Ltd.; Chint New Energy Technology Co., Ltd. (f/k/a/ Chint New Energy Technology (Haining) Co., Ltd.); M.L.T. Solar Energy Product Co., Ltd.; Astronergy New Energy Technology (Singapore) Pte. Ltd; and Astronergy Solar (collectively, Chint).  *See* ECF Nos. 21, 22 (Pl. Mot.)  For the same reasons that the case should be dismissed, the motion should be denied.

## INTRODUCTION

MLT Plaintiffs imported their merchandise as duty free in 2023-24.  In the middle of the administrative review for solar cells from China, but entirely separate from the proceeding, U.S. Customs and Border Protection (CBP) determined that MLT Plaintiffs' entries should have been entered with antidumping duties under the solar cells order for China.   At that point, even though MLT Plaintiffs had never requested a review, were not requested to be reviewed, and therefore were not part of the administrative review, they filed a letter in the proceeding asking

---

[1]  We are moving to dismiss only M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar, who are the only plaintiffs relevant for the motion for a preliminary injunction.  *See* ECF Nos. 21, 22 at 2.

Commerce to instruct CBP to change its decision otherwise include their entries in the administrative review. Commerce rejected this letter, filed well into the proceeding, as untimely, declining to include MLT Plaintiffs' entries. The Chint and MLT Plaintiffs now challenge that decision. The MLT Plaintiffs lack standing and so the Court should dismiss the MLT Plaintiffs.

## BACKGROUND

On April 1, 2022, Commerce initiated country-wide circumvention inquiries to determine whether imports of crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells and modules), which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components from the China, are circumventing the antidumping duty (AD) and countervailing duty (CVD) orders on solar cells and modules from China. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders*, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

During the course of these circumvention inquiries, President Biden issued a presidential proclamation declaring an emergency with respect to the threats to the availability of sufficient electricity generation capacity. *See* Proclamation No. 10,414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*, 87 Fed. Reg. 35,067, 35,068 (Jun. 9, 2022). In so doing, the President ordered Commerce to consider taking action to permit the duty-free importation of certain solar cells modules from Cambodia, Malaysia, Thailand, and Vietnam for a period of 24 months. *Id.*

On August 23, 2023, Commerce published its affirmative determinations, finding that imports of certain solar cells and modules completed in Cambodia, Malaysia, Thailand, or

Vietnam, using parts and components produced in China, that are then subsequently exported from Cambodia, Malaysia, Thailand, or Vietnam to the United States, are circumventing the AD and CVD orders on solar cells and modules from China. *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023).

As part of its affirmative circumvention finding, Commerce established a system whereby exporters and importers could certify that their merchandise was not subject to AD and CVD duties. *See id.*, 88 Fed. Reg. at 57,422. For instance, an importer and exporter could certify that their merchandise was not subject to AD and CVD duties because it was imported during the national emergency identified by the President (i.e., the "Appendix IV" regime). *See id.* An importer and exporter could also certify that the merchandise does not contain sufficient Chinese components to fall under Commerce's affirmative circumvention determinations (i.e., the "Appendix VI" regime). *See id.*

On December 3, 2023, Commerce notified interested parties of the opportunity to request an administrative review of the Order for the December 1, 2022, through November 30, 2023 period of review.[2] *See Antidumping or Countervailing Duty Order, Finding, or Suspended*

---

[2] Each year after an antidumping or countervailing duty order is published, Commerce provides interested parties with an opportunity to request an administrative review of the order. 19 U.S.C. § 1675(a)(1); 19 C.F.R. § 351.213(b). If Commerce receives a request with respect to a particular company, it conducts a review of the order with respect to such company to review and determine the amount of any net countervailable subsidy or antidumping duty. 19 U.S.C. § 1675(a)(1)(A) & (B). However, Commerce does not automatically review companies without receiving a timely request for review of such companies. Each review constitutes a separate segment within the same administrative proceeding and covers a distinct time period (usually one year), *i.e.*, the period of review. 19 C.F.R. § 351.102(b)(47); 19 C.F.R. § 351.213(e)(1)(i).

*Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 83,917, 83,919 (December 1, 2023).  In response, on December 29, 2023, Defendant Intervenor, the American Alliance for Solar Manufacturing (Alliance) timely filed a request that Commerce conduct a review of the AD Order on subject solar cells from China with respect to 66 companies, including: Chint Energy (Haining) Co., Ltd.; Chint Solar (Hong Kong) Company Limited; Chint Solar (Jiuquan) Co., Ltd.; Chint Solar (Zhejiang) Co., Ltd.; Chint New Energy Technology (Haining) Co. Ltd.  Letter from Wiley Rein LLP to U.S. Department of Commerce (Dec. 29, 2023).  Based on these timely requests from the Alliance and other interested parties, on February 8, 2024, Commerce initiated an administrative review of the Order with respect to 60 companies/company groupings.  *See* Initiation of Antidumping and Countervailing Duty Administrative Reviews, 89 FR 8641, 8643-8644 (February 8, 2024) (Initiation Notice).  Per the Alliance's request, Commerce initiated review on the above-mentioned Chint companies.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 8641, 8643-8644 (February 8, 2024) (Initiation Notice). However, because no review was requested by the Alliance or any other party, Commerce *did not initiate* review on the following companies, which are the MLT Plaintiffs in the instant litigation: M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd., and Astronergy Solar.

On March 8, 2024, Chint timely filed a No Shipment Letter, stating that the following companies had no entries, exports or sales of subject merchandise during the period of review: Chint Solar (Hong Kong) Company Limited, Chint Solar (Jiuquan) Co., Ltd., Chint Solar (Zhejiang) Co., Ltd., and Chint New Energy Technology Co., Ltd. (f/k/a Chint New Energy

Technology (Haining) Co., Ltd.).[3]  Letter from GDLSK to U.S. Department of Commerce (Mar. 8, 2024).  On May 14, 2024, Commerce published a notice of its intent to rescind review with respect to these companies.

On April 8, 2025, Commerce issued its *Preliminary Results.  Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 15,439, 15,440, 15,443 (April 11, 2025) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM) at 22-23.  Additionally, Commerce stated that CBP entry data for the review showed no entries from 36 companies without a separate rate for which Commerce initiated review.  *Id.* at 22.  Commerce further stated, "Because there were no entries of subject merchandise from these companies during the POR for Commerce to examine in this administrative review, and these companies did not have a separate rate, these companies remain in the China-wide entity." *Id*. at 23 n.108; *Preliminary Results*, 90 Fed. Reg. at 15,443.

More than three months later, on August 27, 2025, the MLT Plaintiffs, as relevant to this motion, suddenly appeared in the proceeding, submitting a letter requesting to participate in the administrative review.  Letter from GDLSK (Aug. 27, 2025).  On November 24, 2025, Commerce rejected MLT Plaintiffs' letter and removed it from the administrative record because the submissions contained untimely new factual information.  Rejection of Letters (Dept'

---

[3] In its No Shipment Letter, Chint stated:  "The initiation notice (89 Fed. Reg. 8642 (Feb. 8, 2024)) covers 'Chint Energy (Haining) Co., Ltd.', which is an incorrect spelling of the name of 'Chint New Energy Technology Co., Ltd. (f/k/a Chint New Energy Technology (Haining) Co., Ltd.'"

Commerce Nov. 24, 2025).  Commerce stated that that the deadline for filing this type of information was 30 days before the scheduled date of the preliminary results.  *Id.*

On December 15, 2025, Commerce signed the *Final Results*, which were published on December 23, 2025.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 60,060 (Dep't of Commerce December 23, 2025) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM).

On January 22, 2026, MLT Plaintiffs and Chint filed a summons challenging Commerce's *Final Results*.  ECF 1.  After filing their complaint on February 23, 2026, MLT Plaintiffs subsequently filed an application for injunction on March 25, 2026, covering solar cells during the 2022-2023 administrative either exported by M.L.T. Solar Energy Product Co., Ltd. or Astronergy New Energy Technology (Singapore) Pte. Ltd. or imported by Astronergy Solar; none of which were subject to this administrative review.  *See generally* Pl. Mot.  The motion is limited solely to those specific Plaintiffs:  M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd., and Astronergy Solar.  *See id.*  As such, our opposition, as well as our motion to dismiss, focuses exclusively on whether these specific parties have standing to pursue injunctive relief.

## ARGUMENT

### I.    Standard of Review for Injunctive Relief

Injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  (citation omitted).  A preliminary injunction is "never awarded as of

right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

To obtain a preliminary injunction, a party must establish each of four elements: "(1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the {movant}." *Otter Prods., LLC v. United States*, 37 F. Supp. 3d 1306, 1314 (Ct. Int'l Trade 2014) (citation omitted); *see also Winter*, 555 U.S. at 20–21.

Because the movant "must establish" all four factors, the failure to prove any one of them compels the denial of injunction relief. *See Winter*, 555 U.S. at 20; *Amazon.com, Inc. v. Barnesandnoble.com*, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001) ("Our case law and logic both require that a movant cannot be granted preliminary relief unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm.") (citations omitted); *Shandong Huarong Gen. Grp. v. United States*, 122 F. Supp. 2d 143, 145 (Ct. Int'l Trade 2000) ("If Plaintiff fails to prove any one of these factors, its motion must fail.").

Although some courts have previously employed a "sliding scale" in evaluating the four injunctive factors, "{i}nsofar as the sliding scale standard relaxes the necessary showing of irreparable harm to something less than a likelihood, that standard is no longer viable after *Winter*." *J. Conrad LTD v. United States*, 457 F. Supp. 3d 1365, 1374 (Ct. Int'l Trade 2020); *see also Winter*, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an

12

injunction."). Moreover, an injunction against the collection of cash deposits will be granted "only in the rarest of instances." *GPX Int'l Tire Corp. v. United States*, 587 F. Supp. 2d 1278, 1284 (Ct. Int'l Trade 2008) (quoting *Queen's Flowers de Colombia v. United States*, 947 F. Supp. 503, 506 (Ct. Int'l Trade 1996)).

## II.   Standard of Review for Rule 12(b)(1) Motion to Dismiss

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). A waiver of sovereign immunity "'cannot be implied but must be unequivocally be expressed.'" *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U.S. 1,4 (1969)). Thus, to the extent that the statutory language contains ambiguities concerning the waiver of sovereign immunity, the Court will construe those "ambiguities in favor of immunity." *United States v. Williams*, 514 U.S. 527 531 (1995) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

Like all Federal courts, the Court of International Trade is a court of limited jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). And the plaintiff bears the burden of establishing that its chosen forum has subject matter jurisdiction to consider its case. *Id.*; *see also Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015). Because subject-matter jurisdiction "involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court must always satisfy itself of its jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

13

**III.    This Court Does Not Possess Jurisdiction to Review MLT Plaintiffs' Challenge Because MLT Plaintiffs Are Not an Interested Party to the Proceeding**

    **a.    Legal Background of Administrative Reviews**

After Commerce publishes a duty order, the statute requires, at least once every 12 months, that Commerce provide an opportunity for interested parties to file requests to review the duties on merchandise entered during a particular period of review. *See* 19 U.S.C. § 1675(a)(1); *BMW of N. Am. LLC v. United States*, 926 F.3d 1291, 1298 (Fed. Cir. 2019). During the anniversary month, "an exporter or producer covered by an order" specifically "may request in writing that the Secretary conduct an administrative review of only that person." 19 C.F.R. § 351.213(b)(2). However, if Commerce does not receive a timely request for an administrative review, it instructs Customs to (1) assess duties at "rates equal to the cash deposit of ... estimated antidumping duties ... required on that merchandise at the time of entry" and (2) continue to collect cash deposits at the existing rate. 19 C.F.R. § 351.212(c)(1)(i)–(ii). If an administrative review is not conducted, the cash deposit rate from the final determination in the underlying investigation or the most recently completed administrative review will be the basis for the final duty assessed. *See id.* "{W}here no valid request {for a party} is received, Commerce is not required to conduct an {administrative review} and may instruct Customs to automatically assess duties." *Goodluck India Limited v. United States*, 670 F. Supp. 3d 1353, 1374 (Ct. Int'l Trade 2023) (citing 19 C.F.R. § 351.212(a), (c)).

    **b.    Because No Party, Including Chint, Requested a Review of These Entries, The MLT Plaintiffs Are Not Interested Parties to this Administrative Review**

The MLT Plaintiffs do not possess standing to bring this action because they are not interested parties as required by 28 U.S.C. § 2631(c), 19 U.S.C. § 1677(9)(A); *see also* 28 U.S.C. § 2631(k)(1) ("'interested party' has the meaning given such term in section {1677(9)}"). As

14

such, this Court does not possess jurisdiction pursuant to 28 U.S.C. § 1581(c) to entertain the

MLT Plaintiffs' complaint.  *See Bhullar v. United States*, 259 F. Supp. 2d 1332, 1344 (Ct. Int'l

Trade 2003) (where plaintiff lacks standing, the Court is without jurisdiction), *aff'd*, 93 Fed.

Appx. 218 (Fed. Cir. 2004).  To commence an action challenging the final results of an

administrative review under section 1516a(a)(2)(B)(iii), a plaintiff must be both (1) an interested

party, and (2) a party to the proceeding.  *See* 19 U.S.C. § 1516a(a)(2)(A)(ii) ("an interested party

who is a party to the proceeding in connection with which the matter arises may commence an

action in the United States Court of International Trade"); 28 U.S.C. § 2631(c) ("A civil action

contesting a determination listed in {19 U.S.C. 1516a} may be commenced in the Court of

International Trade by any interested party to the proceeding in connection with which the matter

arose."); *see also JCM, Ltd. v. United States*, 219 F.3d 1357, 1359 (Fed. Cir. 2000) (judicial

review of antidumping duty investigations is limited to those interested parties who participate in

the administrative proceedings).

The term "interested party" means, as relevant here, "a foreign manufacturer, producer, or

exporter . . . of subject merchandise."  19 U.S.C. § 1677(9)(A) (emphasis added).  Further,

"subject merchandise" means, as relevant here, "the class or kind of merchandise *that is within*

*the scope of . . . a review*."  *Id.* § 1677(25) (emphasis added).  And if no administrative review is

requested for a party, then "the cash deposit rate from the final determination in the underlying

investigation or the most recently completed administrative review will be the basis for the final

duty assessed."  *Goodluck India*, 670 F. Supp. 3d at 1363 (citing 19 C.F.R. § 351.212(c)(1)(i)–

(ii)).  It makes no difference that MLT Plaintiffs filed a letter, which Commerce rejected, in the

proceeding—this is not enough.  If it were, any party would be able to parachute into an

15

administrative review without having preserved its role in the proceeding.  This is contrary to the statutory scheme and would undermine the purpose of review requests.

Chint readily admits that they did not request reviews for entries of the MLT Plaintiffs. *See* Pl. Mot. at 2; *see also Initiation Notice*, 89 Fed. Reg. at 8643-8644 (not including, as relevant, M.L.T. Solar Energy Products (M.L.T.), Astronergy New Energy Technology (Singapore) Pte. Ltd., Astronergy).  Instead, MLT Plaintiffs are simply unhappy with CBP's rejection of certifications and want to manipulate the administrative review process to challenge another agency's finding.  As such, the MLT Plaintiffs' solar cells are not "within the scope of the review," and the MLT Plaintiffs are not a foreign manufacturer, producer, or exporter of subject merchandise subject to the review.  As Commerce explained in the *Final Results*, the MLT Plaintiffs are parties with "no entries of subject merchandise . . . during the {period of review,}" and, as a result, their entries are unaffected by Commerce's review.  *Final Results*, 90 Fed. Reg. at 60,061, 60,063.

We acknowledge that this is an unusual circumstance.  Generally, if a foreign manufacturer, producer, or exporter is not subject to an administrative review, it has no reason to challenge that administrative review because CBP "continue{s} to collect the cash deposits previously ordered" the last time that party was subject to the review.  *See* 19 C.F.R. § 351.212(c)(ii); *see also Goodluck India*, 670 F. Supp. 3d at 1363.  This remains true here, where the cash deposit rate was not determined by *this* administrative review, which calculated solely 5.25% rates.  *See Final Results*, 90 Fed. Reg. at 60,061, 60,063.  The unusual circumstance reinforces that the MLT Plainitffs are not subject to this review, and therefore, not interested parties with standing to challenge it.

16

The most the MLT Plaintiffs point to is that the statute allows parties to request an annual administrative review. *See* Pl. Mot. at 15-16 (citing 19 U.S.C. § 1675(a)(1) and 19 C.F.R. § 351.213(a)). Here, however, Commerce clearly provided parties an opportunity to request to be reviewed and MLT Plaintiffs have not suggested they were unaware of the deadline (and, in fact, other Chint companies properly requested reviews). *See Initiation Notice*, 89 Fed. Reg. at 8643-44. Commerce's regulations require that requests to be reviewed must be submitted "during the anniversary month" to warrant consideration. *See* 19 C.F.R. § 351.213(b). Establishing and enforcing this deadline is within the discretion traditionally afforded to Commerce. *See, e.g., Fine Furniture (Shanghai) Ltd. v. United States*, 865 F. Supp. 2d 1254, 1266 (Ct. Int'l Trade 2012) (stating that "certainly, setting and enforcing its own deadlines is within Commerce's discretion."); *Reiner Brach GmBH & Co.KG v. United States*, 206 F. Supp. 2d 1323, 1334 (Ct. Int'l Trade 2002) ("Commerce has broad discretion to establish its own rules governing administrative procedures, including the establishment and enforcement of time limits . . . ."); *Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356, 1371 (Ct. Int'l Trade 2007) ("In order for Commerce to fulfill its mandate to administer the antidumping duty law, including its obligation to calculate accurate dumping margins, it must be permitted to enforce the time frame provided in its regulations.").

Where, as here, a company fails to request to be reviewed, its entries are not subject merchandise and that company is not an interested party. *See* 19 U.S.C. § 1677(9)(A), 1677(25). As the Court has made clear, "where no valid request is received, Commerce is not required to conduct an {administrative review} and may instruct Customs to automatically assess duties." *Goodluck India Ltd. v. United States*, 670 F. Supp. 3d 1353, 1374 (Ct. Int'l Trade 2023). Without being an interested party, the MLT Plaintiffs lack standing to bring this case to the Court. *See* 28

17

U.S.C. § 2631(c).  Accordingly, this Court lacks jurisdiction here.  *See JCM,* 219 F.3d at 1359.  This Court should dismiss the MLT Plaintiffs from the complaint and deny as moot the motion for a preliminary injunction because the requested injunction pertains only to parties without standing.

### IV.    Because the Court Lacks Jurisdiction, Chint Is Not Entitled to a Preliminary Injunction

MLT Plaintiffs seek relief injunctive relief to which they are not entitled.  Because the Court lacks jurisdiction, there is no basis for granting the request for preliminary injunctive relief.  The MLT Plaintiffs argue that they are entitled to a statutory injunction in this case because it would suffer irreparable harm if certain entries were liquidated, and because it alleges it is likely to succeed on the merits of "substantial" legal issues related to actions of CBP.  *See* Pl. Mot. at 16-18.  MLT Plaintiffs further argue that they would suffer significant hardship by virtue of liquidation and alleges that an opportunity for meaningful judicial review services the public interest.  *Id.* at 19-20.

#### a.  MLT Plaintiffs Are Not Likely to Succeed on the Merits

Although the traditional, four factor analysis for whether an injunction is proper applies to the motion for an injunction of liquidation, the most salient—and decisive—issue here is the likelihood of success on the merits.  Because the Court is foreclosed from considering the MLT Plaintiffs at all—because there is no subject matter jurisdiction or standing—the MLT Plaintiffs can never succeed on the merits and should therefore not be granted an injunction.  As we demonstrated in Section III, the MLT Plaintiffs are not an interested parties to this administrative review.  The question of subject-matter jurisdiction is the primary consideration in answering this question.  *See U.S. Association of Importers of Textiles & Apparel v. United States*, 413 F.3d

1344, 1348 (Fed. Cir. 2005) (the Court "disagree{d} … that the jurisdictional arguments could be ignored in ruling on {plaintiff's} preliminary injunction motion.").

Further, the actual dispute is with CBP's conversion of entries after CBP determined that MLT Plaintiffs' circumvention certificates did not comply with the requirements set forth by Commerce. *See* Pl. Mot. at 16-18. MLT Plaintiffs' likelihood of success on the merits section discusses CBP regulations, decisions, and practices. *See id.* This dispute, however, is not with this administrative review. *See Regulations To Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*, 86 Fed. Reg. 52,300, 52,364 (Sept. 20, 2021) ("{19 C.F.R. § 351.228} is not intended to supplant CBP's authority, nor is a formal finding by CBP required for Commerce to determine, within its own authority, that the certification is deficient and unreliable."). Moreover, "both CBP and Commerce would rely on the certifications as an additional tool to ascertain whether the entry correctly was filed as an entry type not subject to an AD and/or CVD proceeding." *Id*. Given the foregoing, MLT Plaintiffs' request to enjoin liquidation of entries, which were subject of CBP's determination but were not subject to Commerce's administrative review that is being challenged here, is unlikely to succeed.

Commerce never deprived MLT Plaintiffs of their ability to request a review of their entries. Rather, MLT Plaintiffs failed to request a review when they had the opportunity to do so. Unlike this Court, Commerce lacks authority to review and reverse CBP determinations or change the assessment rates of entries for which no timely review request was made. Any unique circumstances are actually a deficiency in the certifications, which determined that the MLT Plaintiffs had not met the requirements as set forth in Commerce's instructions.

For all these reasons, MLT Plaintiffs are unlikely to succeed on the merits of this because, most importantly, this Court lacks jurisdiction over the MLT Plaintiffs.

19

### b.  The Remaining Injunctive Factors Do Not Favor Plaintiffs

Although the unlikelihood of MLT Plaintiffs' success on the merits is sufficient grounds to deny the request for a preliminary injunction, we briefly address the remaining injunctive factors.  MLT Plaintiffs allege that they will be immediately and irreparably harmed without the imposition of a preliminary injunction.  Pl. Mot. at 20.  Specifically, they assert that, absent the Court's intervention, their entries will be liquidated with antidumping duties.  *Id.*  The risk of irreparable harm, however, is premised on the assumption that were the entries liquidated, this would render moot any relief.  But this just assumes the Court can provide relief in the first place, which would require MLT Plaintiffs to have been subject to the review.

Finally, MLT Plaintiffs have similarly failed to demonstrate that the balance of hardship weighs in it favor.  Irrespective of how limited the burden of suspending liquidation may be, the onus is on the plaintiff to demonstrate that the potential harm it may face *exceeds* that of the Government.  *See Qingdao Taifa Group Co., Ltd. v. United States*, 581 F.3d 1375, 1382 (Fed. Cir. 2009); *see also Nken v. Holder*, 556 U.S. 418, 435 (2009) (explaining that, when the Government is a party, the balance of hardships merges with public interest analysis).  The public interest weighs heavily in favor of denying the request for an injunction.  It is squarely in the interest of the public that the Court uphold the jurisdictional limitations on its own ability to adjudicate a dispute where the statute demands it.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests.  They keep the federal courts within the bounds the Constitution and Congress have prescribed.").

Further, the requested remedy would hamper the administrability of the antidumping and countervailing duties and would particularly burden the certification regime.  Forcing Commerce to review entries for which no timely request was made would effectively create a system of

haphazard administrative reviews that would replace the orderly and predictable annual system of reviews that is based on the regulatory requirement to make a timely review request during the anniversary month.  *See* 19 U.S.C. § 1675(a)(1); *see also* 19 C.F.R. § 351.213(b)(1).

Accordingly, the balance of hardship weighs in favor of the Government.  The Court should therefore deny the request for an injunction.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our partial motion to dismiss pursuant to Rule 12(b)(1), namely dismissing plaintiffs M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar, and deny the motion for a preliminary injunction.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:
Jack Dunkelman
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for Trade
Enforcement and Compliance

/s/ Collin T. Mathias
COLLIN T. MATHIAS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0315
Email: Collin.T.Mathias@usdoj.gov

Attorneys for Defendant

April 15, 2026

21

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 4808 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


/s/ Collin T. Mathias