**UNITED STATES COURT OF INTERNATIONAL TRADE**

**THE HONORABLE JOSEPH A. LAROSKI, JUDGE**

| | |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, et al. | ) |
| Plaintiffs, | ) |
| and | ) |
| | ) |
| BOVIET SOLAR TECHNOLOGY CO., LTD. | ) Court No. 26-00812 |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING | ) |
| Defendant-Intervenor. | ) |

**PLAINTIFF INTERVENOR'S PARTIAL CONSENT
MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Section 516A(c)(2) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(c)(2) (2006) and Rules 7(b), 56.2(a) and 65(a) of the Rules of the Court of International Trade, Plaintiff-Intervenor Boviet Solar Technology Co., Ltd. ("Boviet" or "Movant") hereby moves for a preliminary injunction enjoining the Defendant, the United States, together with its delegates, officers, agents, and employees of the U.S. Customs and Border Protection ("CBP") and the United States Department of Commerce ("Commerce"), from liquidating, ordering the liquidation of, or causing liquidation of any entries of certain crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China (Case No. A-570-979), that:

1.  were entered, or withdrawn from warehouse, for consumption on or after December 1,

1

2022 through November 30, 2023; and

2. were the subject of the administrative proceeding published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 60,060 (Dec. 23, 2025); and

3. were exported and/or produced by Boviet Solar Technology Co., Ltd.

Movant seeks an injunction for the pendency of this litigation, including all relevant appeals and remands, until such time as a final court decision is rendered within the meaning of section 516A of the Act, 19 U.S.C. § 1516a(e).

## ARGUMENT

To prevail on a motion for a preliminary injunction, the moving party must show (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent a preliminary injunction; (3) the balance of equities on all the parties favors the moving party; and (4) that an injunction is in the public interest. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *American Signature, Inc. v. United States*, 598 F.3d 816, 823 (Fed. Cir. 2010); *Zenith Radio Corp. v. United States*. 710 F.2d 806, 808-09 (Fed. Cir. 1983). "A request for a preliminary injunction is evaluated in accordance with a 'sliding scale' approach: the more the balance of irreparable harm inclines in the plaintiff's favor, the smaller the likelihood of prevailing on the merits he need show in order to get the injunction." *Qingdao Taifa Group Co. v. United States*, 581 F.3d 1375, 1378-79 (Fed. Cir. 2009) (citing *Kowalski v. Chi. Tribune Co.*, 854 F.2d 168, 170 (7th Cir. 1988)). As demonstrated below, Movant's request for an injunction in this case satisfies all the foregoing requirements.

### I.     Movant Will Be Harmed Irreparably If An Injunction Is Not Issued.

Parties seeking an injunction must "demonstrate that irreparable injury is <u>likely</u> in the absence of an injunction." *Winter*, 555 U.S. at 8.  Irreparable injury is indeed likely here if an

injunction is not granted. Commerce "may order liquidation of entries {by CBP} in accordance with its own determination, in the absence of an injunction, until a contrary court decision is reached." *Jilin Henghe Pharm. Co. v. United States*, 28 CIT 969, 975-76, 342 F. Supp. 2d. 1301, 1308 (2004).  Decisions by CBP to liquidate entries, moreover, are "final and conclusive." Section 514 of the Act, 19 U.S.C. § 1514(a). The Court has ruled previously that liquidation of a party's entries by CBP prior to the completion of its judicial review renders the party's cause of action moot because liquidation permanently deprives the party of the opportunity to contest Commerce's determination in an appeal under 19 U.S.C. § 1581(c).  *See SKF USA, Inc. v. United States,* 28 CIT 170, 174-76, 316 F. Supp. 2d 1322, 1327-28 (2004). This Court and the Federal Circuit have also ruled that the inability of the Court to "meaningfully correct" a Commerce determination constitutes irreparable injury.  *See Zenith*, 710 F.2d at 811-12; *SKF*, 28 CIT at 175, 316 F. Supp. 2d at 1328; *see also Qingdao Taifa*, 581 F.3d at 1380 (applying *Zenith* to "interested parties" in antidumping cases).

In this case, Movant intervened in counts III and VI of Plaintiffs' complaint that challenges Commerce's implementation of the Final Results of the eleventh antidumping administrative review of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China* ("*Solar Cells AD 11*").  Plaintiffs challenge several aspects of Commerce's margin and implementation of its *Final Results* that could adversely affect Movant's entries as well.  Movant was also assigned the PRC-entity rate because based on the record of this review, it had no reviewable sales in December 1, 2022 through November 30, 2023, but also had no separate rate from a prior review[1].  *Final Results* at 60063.  However, intervening action by

---

[1] A requirement to file a separate rate application and be granted a separate rate, is to have reviewable entries in a review.  Boviet had never had entries subject to this Order during the 2022-2023 review or earlier periods.

CBP in 2025, after the opportunity to request review, submit separate rate applications, submit new information, or submit cases briefs in this review, converted certain Boviet entries in the December 1, 2022 through November 30, 2023 period of review ("POR") to type 03 subject to this Order due to supposed (unspecified) certification issues pursuant to the circumvention finding on Vietnam. *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't Commerce Aug. 23, 2023). In other words, during the course of the review, the record contained no evidence that Boviet had reviewable entries and Commerce found in the preliminary results and final results that Boviet had no reviewable entries. But if CBP were to liquidate Movant's entries at the antidumping rate set forth in the Final Results prior to completion of the Court's review, Movant may be deprived of the opportunity to remedy this unlawful liquidation without having had the opportunity to actually have these entries reviewed.

In the subsequent 2023-2024 review, Commerce has acknowledged the issue of entries being converted to type 03 later in the proceeding and placed updated CBP data on the record and also requested quantity and value responses from parties. Boviet is in that review and after this correction, has reviewable entries in that review. Boviet, along with several other parties, have requested that Commerce follow its own instructions from the Circumvention proceeding and expand that review back to include entries in the 2022-2023 period (entries in the time period of this appeal) and to issue clear instructions to CBP not to liquidate such entries until reviewed by Commerce. But Commerce has taken no such action in that review despite multiple requests,

4

further demonstrating the importance of a Preliminary Injunction for entries during this period remains important.

## II.    Movant Is Likely to Succeed on the Merits.

Where, as here, the movant has demonstrated that it will be irreparably harmed absent an injunction, "the movants must demonstrate at least a 'fair chance of success on the merits for a preliminary injunction to be appropriate." *Qingdao Taifa*, 581 F.3d at 1380 (citing, among others, *U.S. Ass'n of Imps, of Textiles & Apparel v. Dep't of Commerce*, 413 F.3d 1344, 1347 (Fed. Cir. 2005)). The Court of Appeals for the Federal Circuit has recently emphasized that "the court... recognizes that 19 U.S.C. § 1516a(c)(2) envisions the use of preliminary injunctions in the antidumping context to preserve proper legal options and to allow for a full and fair review of duty determinations before liquidation," and, therefore, that there is a lower burden of showing likelihood of success in 1581 (c) cases. *Qingdao Taifa*, 581 F.3d at 1382. Movant has more than a fair chance of success on the merits in the immediate case.

For example, as explained in Plaintiff's Complaint at Count III, if CBP found any issue with a certification, then according to Commerce's own instructions, such entries were not supposed to be liquidated by CBP;  Rather, Commerce was supposed to allow for them to be reviewed *at Commerce*.  Commerce's refusal to review the entries of various Plaintiffs and to generally not address the issue of entries being converted to type 03 after the deadline to request review or file briefs, such as for Boviet, is contrary to due process and Commerce's own instructions.  CBP, with Commerce's acquiescence, has essentially become the "master of the dumping laws", flipping the statutory decision-making scheme on its head.  *Torrington Co. v. United States*, 68 F.3d 1347, 1351 (Fed. Cir. 1995).

For Count VI, Plaintiffs explain that Commerce's refusal to review CBP's decision that defects in Plaintiffs' certifications resulted in them being subject to the China-wide rate is not supported by substantial evidence and is contrary to law. This situation is the same for any company, such as Boviet, that had entries converted to type 03 without explanation after the chance to request review or file a brief in the applicable 2022-2023 review, while at the same Commerce assigned them the China-wide rate understanding Boviet had no reviewable sales. Both of these counts do not require company-specific fact finding, but rather present a general procedural irregularity that CBP and Commerce unlawfully created, now applicable to many companies, including Boviet.

There is at a minimum, a fair chance of success on the merits in the immediate case for Plaintiffs; and likewise for Boviet. A reversal of Commerce's unlawful action should impact any similarly situated company, like Boviet.

### III.    A Balance of the Equities Favors Movant.

Continued suspension of liquidation of the entries identified in the proposed order will not impose a significant hardship on any other party to this proceeding. If the entries are liquidated prior to the end of this case and Movant ultimately prevails, it will effectively lose its right to appeal Commerce's decision. On the other hand, injunctions will merely <u>postpone</u> the final settlement of the payment of duties to the United States by Movant. Postponement is "at most" an "inconvenience" to the United States. *SKF*, 28 CIT at 175, 316 F. Supp. 2d at 1328; *see also Timken Co. v. United States*. 6 CIT 76, 81, 569 F. Supp. 65, 71 (1983). If the United States were to prevail in this case, moreover, it will simply collect, with interest, any amount owed by Movants. *SKF*, 28 CIT at 175, 316 F. Supp. 2d at 1328. The Court has previously held that the permanent deprivation of rights of one party outweighs inconvenience to the government in the

delay of collecting duties. *Id*. at 1328-29. The balance of hardship, therefore, weighs in favor of granting this Motion because the potential of the permanent deprivation of Movant's rights is much more significant a harm than a mere postponement of the collection of any potential duties should Commerce find through a transparent and proper proceeding that the certified cells and modules are part of the China Order contrary to the certifications filed with the entry.

**IV.    The Public Interest Is Best Served By Granting the Requested Relief.**

In prior cases, this Court has ruled that the public interest is best served by ensuring the effective enforcement of trade laws and that the correct amount of antidumping duties is collected. *See e.g., American Signature*, 598 F.3d at 830; SKF, 28 CIT at 175, 316 F. Supp. 2d at 1329. Continued suspension of liquidation of the entries identified above pending a final court decision will ensure that the correct antidumping duties are collected, if any were appropriately assessed at all. Absent an injunction, this Court would be deprived of the jurisdiction to hear and resolve the issues presented prior to liquidation. The public interest will, therefore, be best maintained by granting the requested injunction. *SKF*, 28 CIT 175, 316 F. Supp. 2d at 1329.

**V.    Position of the Parties**

On April 22, 2026, counsel for Plaintiffs, Jordan C. Kahn, indicated they consent to this motion. On April 22, 2026, counsel for Defendant United States, Collin T. Mathias, indicated that the United States opposes the preliminary injunction because Boviet, as plaintiff-intervenor, improperly seeks to expand the issues in this case beyond the complaint and Boviet failed to request any relief from the Department of Commerce, demonstrating that it failed to exhaust administrative remedies. The United States intends to file a full response. On April 22, 2026, counsel for Defendant-Intervenor, Laura El-Sabaawi, indicated that they concur with the position of the United States.

## VI.    CONCLUSION

WHEREFORE Boviet respectfully requests that their Partial-Consent Motion for

Preliminary Injunction be granted.

Respectfully submitted,
/s/ *Gregory S. Menegaz*

Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang[*]
THE INTER-GLOBAL TRADE LAW GROUP, PLLC
Suite 1101
1156 Fifteenth Street, N.W.
Washington, D.C. 20005
*Counsel to Plaintiff-Intervenor*

Dated: April 23, 2026

---

[*] Admitted to New Mexico Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**THE HONORABLE JOSEPH A. LAROSKI, JUDGE**

| | |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, et al. <br>          Plaintiffs, <br>    and <br><br> BOVIET SOLAR TECHNOLOGY CO., LTD. <br>          Plaintiff-Intervenor, <br><br>    v. <br><br> UNITED STATES, <br>          Defendant, <br><br>    and <br><br> AMERICAN ALLIANCE FOR SOLAR MANUFACTURING <br>          Defendant-Intervenor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      Court No. 26-00812 |

**ORDER**

Upon consideration of the Partial Consent Motion for Preliminary Injunction filed by Plaintiff-Intervenor Plaintiff-Intervenor Boviet Solar Technology Co., Ltd., it is hereby

ORDERED that Plaintiff-Intervenor's Partial Consent Motion for Preliminary Injunction is GRANTED, and it is further

ORDERED that Defendant, United States, together with its delegates, officers, agents and employees of the United States Customs and Border Protection, shall be, and hereby are, ENJOINED, during the pendency of this litigation, including all appeals and remand proceedings, from liquidating, ordering the liquidation of, or causing liquidation of any entries of certain crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China (Case No. A-570-979), that:

9

1.  were entered, or withdrawn from warehouse, for consumption on or after December 1, 2022 through November 30, 2023; and

2.  were the subject of the administrative proceeding published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 60,060 (Dec. 23, 2025); and

3.  were exported and/or produced by Boviet Solar Technology Co., Ltd.

ORDERED that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2010).

Dated:_____, 2026          _____
          New York, New York                              The Hon. Joseph A. Laroski, Judge

10