# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (f/k/a CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, and ASTRONERGY SOLAR, <br><br> Plaintiffs, <br><br> and <br><br> BOVIET SOLAR TECHNOLOGY CO., LTD., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, <br><br> Defendant-Intervenor. | Court No. 26-00812 |

## DEFENDANT'S RESPONSE IN OPPOSITION
## <u>TO PLAINTIFF-INTERVENOR'S  MOTION FOR A PRELIMINARY INJUNCTION</u>

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:                                        COLLIN T. MATHIAS
Jack Dunkelman                                     Trial Attorney
Attorney                                           Commercial Litigation Branch
U.S. Department of Commerce                         Civil Division
Office of the Chief Counsel for Trade              U.S. Department of Justice
Enforcement and Compliance                         PO Box 480
                                                   Ben Franklin Station
                                                   Washington, DC 20044
                                                   Tel: (202) 307-0315
                                                   Email: Collin.T.Mathias@usdoj.gov

                                                   Attorneys for Defendant

May 14, 2026

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (f/k/a CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, and ASTRONERGY SOLAR, | |
| Plaintiffs, | |
| and | |
| BOVIET SOLAR TECHNOLOGY CO., LTD., | |
| Plaintiff-Intervenor, | |
| v. | Court No. 26-00812 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | |
| Defendant-Intervenor. | |

**ORDER**

Upon consideration of the plaintiff-intervenor's motion for a preliminary injunction, defendant's response in opposition to plaintiff-intervenor's motion, and all other papers, it is hereby

ORDERED that the plaintiff-intervenor's motion for a preliminary injunction is denied.

Dated: _____          _____
      New York, New York          Joseph A. Laroski, Jr., Judge

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |  |
|---|---|---|
| CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (f/k/a CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, and ASTRONERGY SOLAR, | ) ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| and | ) ) |  |
| BOVIET SOLAR TECHNOLOGY CO., LTD., | ) ) |  |
| Plaintiff-Intervenor, | ) ) |  |
| v. | ) ) | Court No. 26-00812 |
| UNITED STATES, | ) ) |  |
| Defendant, | ) ) |  |
| and | ) ) |  |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | ) ) ) |  |
| Defendant-Intervenor. | ) ) |  |

### DEFENDANT'S RESPONSE IN OPPOSITION
### TO PLAINTIFF-INTERVENOR'S  MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits this response in opposition to the motion for a preliminary injunction filed by plaintiff-intervenor Boviet Solar Technology Co., Ltd. (Boviet).

*See* ECF No. 27 (Pl-Int. Mot.).  As discussed below, Boviet may not expand the issues in this case beyond the complaint by requesting that the Court enjoined their entries, which are not the subject of the complaint.  Further, by seeking to enjoin liquidation of its entries,  Boviet would improperly transform the nature of the proceedings because Boviet failed to request any relief from the Department of Commerce during the administrative review, unlike the entry-specific requests for relief that plaintiffs Chint Solar (Hong Kong) Company Limited et al. (collectively, Chint) attempted to obtain.  For the reasons below, this Court should deny the motion.

## BACKGROUND

On April 1, 2022, Commerce initiated country-wide circumvention inquiries to determine whether imports of crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells and modules), which are completed in Cambodia, Malaysia, Thailand, or Vietnam using parts and components from the China, are circumventing the antidumping duty (AD) and countervailing duty (CVD) orders on solar cells and modules from China.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders*, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

During the course of these circumvention inquiries, President Biden issued a presidential proclamation declaring an emergency with respect to the threats to the availability of sufficient electricity generation capacity.  *See* Proclamation No. 10,414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules From Southeast Asia*, 87 Fed. Reg. 35,067, 35,068 (Jun. 9, 2022).  In so doing, the President ordered Commerce to consider taking action to permit the duty-free importation of

certain solar cells modules from Cambodia, Malaysia, Thailand, and Vietnam for a period of 24 months.  *Id.*

On August 23, 2023, Commerce published its affirmative determinations, finding that imports of certain solar cells and modules completed in Cambodia, Malaysia, Thailand, or Vietnam, using parts and components produced in China, that are then subsequently exported from Cambodia, Malaysia, Thailand, or Vietnam to the United States, are circumventing the AD and CVD orders on solar cells and modules from China.  *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023).

As part of its affirmative circumvention finding, Commerce established a system whereby exporters and importers could certify that their merchandise was not subject to AD and CVD duties.  *See id.*, 88 Fed. Reg. at 57,422.  For instance, an importer and exporter could certify that their merchandise was not subject to AD and CVD duties because it was imported during the national emergency identified by the President (i.e., the "Appendix IV" regime).  *See id.*  An importer and exporter could also certify that the merchandise does not contain sufficient Chinese components to fall under Commerce's affirmative circumvention determinations (i.e., the "Appendix VI" regime).  *See id.*

On December 3, 2023, Commerce notified interested parties of the opportunity to

3

request an administrative review of the Order for the December 1, 2022, through November 30, 2023 period of review.[1] *See Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 88 Fed. Reg. 83,917, 83,919 (December 1, 2023).  In response, on December 29, 2023, Defendant-Intervenor, the American Alliance for Solar Manufacturing (Alliance), timely filed a request that Commerce conduct a review of the antidumping order on solar cells from China with respect to 66 companies, including Boviet.  Letter from Wiley Rein LLP to U.S. Department of Commerce (Dec. 29, 2023) (P.R. 3).  Based on these timely requests from the Alliance and other interested parties, on February 8, 2024, Commerce initiated an administrative review of the Order with respect to 60 companies/company groupings, including Boviet.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 8641, 8643-8644 (February 8, 2024) (Initiation Notice).

On March 13, 2024, Boviet timely filed a No Shipment Letter, stating that Boviet did not have exports to the United States during the period of review.  Letter from Dekieffer & Horgan to Commerce Pertaining to Boviet, No Sales Certification (Mar. 13, 2024) (P.R. 72).

On April 8, 2025, Commerce issued its *Preliminary Results*.  *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of*

---

[1] Each year after an antidumping or countervailing duty order is published, Commerce provides interested parties with an opportunity to request an administrative review of the order. 19 U.S.C. § 1675(a)(1); 19 C.F.R. § 351.213(b).  If Commerce receives a request with respect to a particular company, it conducts a review of the order with respect to such company to review and determine the amount of any net countervailable subsidy or antidumping duty.  19 U.S.C. § 1675(a)(1)(A) & (B).  However, Commerce does not automatically review companies without receiving a timely request for review of such companies.  Each review constitutes a separate segment within the same administrative proceeding and covers a distinct time period (usually one year), *i.e.*, the period of review.  19 C.F.R. § 351.102(b)(47); 19 C.F.R. § 351.213(e)(1)(i).

*China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 15,439, (April 11, 2025) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM).  Commerce stated that CBP entry data for the review showed no entries from 36 companies for which Commerce initiated review.  PDM at 22. Commerce further stated, "Because there were no entries of subject merchandise from the companies listed in Appendix III during the POR for Commerce to examine in this administrative review, and these companies did not have a separate rate, these companies remain in the China-wide entity."  *Preliminary Results*, 90 Fed. Reg. at 15,440.  Among these companies was Boviet.  *Id*. at 23 n.108; *Preliminary Results*, 90 Fed. Reg. at 15,443.

More than three months later, on August 19, 2025, the Chint plaintiffs appeared in the proceeding, submitting a letter requesting to participate in the administrative review.  Letter from GDLSK Pertaining to Chint, Request to Participate in Annual Review (Aug. 19, 2025) (P.R. 249) (Chint Request).  On November 24, 2025, Commerce rejected Chint's letter and removed it from the administrative record because the submissions contained untimely new factual information. Rejection of Letters (Dep't Commerce Nov. 24, 2025) (P.R. 262).  Commerce stated that the deadline for filing this type of information was 30 days before the scheduled date of the preliminary results.  *Id.*

On December 15, 2025, Commerce signed the *Final Results*, which were published on December 23, 2025.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 60,060 (Dep't of Commerce December 23, 2025) (*Final Results*), and accompanying Issues and

Decision Memorandum (IDM).  Commerce stated, although CBP data on the record does not show any entries of subject merchandise during the POR from the companies listed in Appendix II of this notice {including Boviet}, if there are such entries they will be assessed antidumping duties at the China-wide entity rate of 238.95 percent.  *Id.* at 60,062.

On February 23, 2026, the Chint plaintiffs filed a complaint challenging Commerce's *Final Results* under 28 U.S.C. § 1581(c).  ECF No. 8.  Chint asserted that Commerce's review was not supported by substantial evidence and was otherwise not in accordance with law because Commerce did not review CBP's rejection of Chint's anticircumvention certifications.  *See* Compl. at 7-9.

On March 25, 2026, Boviet moved to intervene in this case under Chint's requests for relief, *see* ECF No. 17, which this Court granted, *see* ECF No. 23.  On April 23, 2026, Boviet moved for a preliminary injunction seeking an order suspending liquidation of Boviet's entries that were subject to Commerce's administrative review.  *See* ECF No. 27.

## ARGUMENT

### I.     Boviet's Motion Should Be Denied Because it Impermissibly Seeks to Expand the Issues in the Case and Alters the Proceedings

Boviet's motion for a preliminary injunction should be denied because it seeks to expand the issues in this case and alter the proceedings, which an intervenor may not do.  "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944); *see also Chandler & Price Co. v. Brandtjen & Kluge*, 296 U.S. 53, 58 (1935) (stating that the intervenor is "limited to the field of litigation open to the original parties"); *Laizhou Auto Brake Equip. Co. v. United States*, 477 F. Supp. 2d 1298, 199-1301 (Ct. Int'l Trade 2007).  Thus, while plaintiff-intervenors are permitted

by the Court's rules to intervene and support plaintiffs' case against the United States, Boviet

may not expand the case to provide relief when they did not ask for it from Commerce.

In other words, an intervenor's role is limited to supporting the plaintiff in asserting its

own claims for relief. *Laizhou*, 477 F. Supp. 2d at 1299-1301; *Torrington Co. v. United States*,

731 F. Supp. 1079, 1076 (Ct. Int'l Trade 1990) (rejecting intervenor's claims as "clearly beyond

the scope of the original litigation"); *Nat'l Ass'n of Mirror Mfrs. v. United States*, 670 F. Supp.

1013, 1015 (Ct. Int'l Trade 1987) (rejecting intervenor's claims because they would "unduly

enlarge the pleadings").

This Court has previously rejected our position and granted an intervenor's motion for a

preliminary injunction. *See, e.g.*, *Jilin Bright Future Chemicals Co. Ltd., v. United States*, 619 F.

Supp. 3d 1329, 1333 (Ct. Int'l Trade 2023); *Nexteel Co. v. United States*, 393 F. Supp. 3d 1287,

1291 (Ct. Int'l Trade 2019); *Nexteel Co., Ltd. v. United States*, 227 F. Supp. 3d 1323 (Ct. Int'l

Trade 2017); *New Mexico Garlic Growers Coalition v. United States*, 256 F. Supp. 3d 1373 (Ct.

Int'l Trade 2017); *Fine Furniture (Shanghai) Limited v. United States*, 195 F. Supp. 3d 1324 (Ct.

Int'l Trade 2016); *Tianjin Wanhua Co., Ltd. v. United States*, 11 F. Supp. 3d 1283 (Ct. Int'l Trade

2014); *Union Steel v. United States*, 704 F. Supp. 2d 1348 (Ct. Int'l Trade 2010); *Union Steel v.*

*United States*, 617 F. Supp. 2d 1373 (Ct. Int'l Trade 2009); *NSK Corp. v. United States*, 547 F.

Supp. 2d 1312 (Ct. Int'l Trade 2008); *cf. Silver Reed Am, Inc. v. United States*, 600 F. Supp. 846,

851-52 (Ct. Int'l Trade 1984) (allowing permissive intervention where plaintiff-intervenor's

purpose was not to set aside the results of litigation or raise a new issue, and "see{ing} no

prejudice" to the parties if plaintiff-intervenors were to seek an injunction).

7

In *Union Steel*, for example, the Court held that granting an injunction against the liquidation of entries does not violate the principle that an intervenor may not enlarge the already-pending issues or compel an alteration of the nature of the case:

> Because it need do no more than allow the final judicial determination resulting from this litigation to govern entries that were the subject of the administrative review and the Final Results, the grant of the injunction Whirlpool seeks would not, in any meaningful sense, "compel an alteration of the nature of the proceeding."

*Union Steel*, 617 F. Supp. 2d at 1382.

Boviet's situation is fundamentally different.  In the above cases, plaintiff-intervenor received an all-others rate, which depended in part on the rate of the plaintiff, and could potentially change solely based on the success or failure of the plaintiff's arguments.  *See, e.g., Jilin Bright*, 619 F. Supp. 3d at 1332 ("as Plaintiff-Intervenors explain, their position is entirely derivative of Jilin Bright's, because Plaintiff-Intervenors' antidumping separate rate is based entirely on Jilin Bright's calculated rate"); *see Nexteel Co.*, 227 F. Supp. 3d at 1325; *New Mexico Garlic Growers Coalition*, 256 F. Supp. 3d at 1375; *Fine Furniture*, 195 F. Supp. 3d at 1326.

Here, Boviet and Chint took different actions before Commerce, so a ruling in favor of Chint does not affect Boviet in the way an all-others party would be affected by a mandatory respondent's case.  Here, Chint's requested relief in the complaint is focused on Chint's entries and does not reference Boviet or Boviet's entries.  *See* Compl. at 8-9.  Chint alleges that, after CBP rejected certain anticircumvention certifications, it requested relief from Commerce to include Chint's entries in the administrative review or otherwise review CBP's rejections.  *See id.* at 5-6.  And Chint's claims relate to Commerce's lack of a decision regarding Chint's entries, certifications, and refusal to admit Chint to the review when Chint asked.  *See id.* at 9-10.

8

Importantly, Chint expressly asked Commerce to do something, even though Commerce rejected Chint's late-filed letter. *See id.*; *see also* Chint Request (P.R. 249).

Boviet, however, did none of this. Instead, Boviet's only non-procedural participation in the proceeding was filing a no sales certification. *See* Response from DeKieffer & Horgan to Commerce Pertaining to Boviet, No Sales Certification (March 13, 2024) (P.R. 72). In this letter, Boviet noted that "{s}hould future evidence of shipments by Boviet to the United States during the period of review arise, the company reserves the right to file a Separate Rate Application at that time, as fundamental fairness requires." *Id.* Boviet filed nothing after that.

If this Court granted Boviet's proposed injunction, it would alter the nature of the case because Boviet is in a fundamentally different position than Chint. Chint attempted to exhaust administrative remedies, attempted to raise specific concerns to Commerce, and requested relief following CBP's actions. *See* Chint Request (P.R. 249). But Boviet requested no relief, which means that Boviet completely failed to exhaust administrative remedies. *See* 28 U.S.C. § 2637(d). In fact, unlike Chint, Boviet did not even notify Commerce that CBP reclassified its entries in a CBP proceeding. Nor did Boviet ask Commerce to take any action with respect to such entries, maintaining throughout the proceeding before Commerce that Boviet had no sales, shipments or entries during the period of review. *See* Response from DeKieffer & Horgan to Commerce Pertaining to Boviet, No Sales Certification (March 13, 2024) (P.R. 72). In light of these facts, it is not surprising that Boviet chose not to pursue its own case against Commerce. A ruling for Chint does not automatically affect Boviet. If Boviet had wanted the Court to review its particular facts, it should have filed its own complaint.

And more to the point here, Boviet should not receive the benefit of suspension of liquidation when the Court's decision on Chint's case would not apply to Boviet's case.

9

Therefore, Boviet's request for a preliminary injunction "enlarge{s} those issues or compel{s} an alteration of the nature of the proceeding." *Vinson*, 321 U.S. at 498. By seeking injunctive relief to suspend liquidation for its entries, Boviet impermissibly seeks to enlarge or alter this case.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Boviet's motion for a preliminary injunction.

.                                                        Respectfully submitted,

                                                         BRETT A. SHUMATE
                                                         Assistant Attorney General

                                                         PATRICIA McCARTHY
                                                         Director

                                                         CLAUDIA BURKE
                                                         Deputy Director

                                                         /s/ Collin T. Mathias
OF COUNSEL:                                              COLLIN T. MATHIAS
Jack Dunkelman                                           Trial Attorney
Attorney                                                 Commercial Litigation Branch
U.S. Department of Commerce                              Civil Division
Office of the Chief Counsel for Trade                    U.S. Department of Justice
Enforcement and Compliance                              PO Box 480
                                                         Ben Franklin Station
                                                         Washington, DC 20044
                                                         Tel: (202) 307-0315
                                                         Email: Collin.T.Mathias@usdoj.gov

                                                         Attorneys for Defendant

May 14, 2026

10

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 2554 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


/s/ Collin T. Mathias

11