PUBLIC DOCUMENT

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CHINT SOLAR (HONG KONG) COMPANY LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD., CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT NEW ENERGY TECHNOLOGY CO., LTD. (F/K/A CHINT NEW ENERGY TECHNOLOGY (HAINING) CO., LTD.), M.L.T. SOLAR ENERGY PRODUCT CO., LTD., ASTRONERGY NEW ENERGY TECHNOLOGY (SINGAPORE) PTE. LTD, AND ASTRONERGY SOLAR.,** | **Before:  Hon. Joseph A. Laroski, Judge** |
| Plaintiffs, | **Consol. Court No. 26-00812** |
| | **PUBLIC DOCUMENT** |
| **BOVIET SOLAR TECHNOLOGY CO., LTD.** | |
| Plaintiff-Intervenor, | |
| and | |
| v. | |
| **UNITED STATES,** | |
| Defendant, | |
| and | |
| **AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,** | |
| Defendant-Intervenor. | |

### DEFENDANT-INTERVENOR AMERICAN ALLIANCE FOR SOLAR MANUFACTURING'S COMMENTS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND COMMENTS IN OPPOSITION TO PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S MOTION FOR A PRELIMINARY INJUNCTION

PUBLIC DOCUMENT

Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Paul A. Devamithran, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Alliance for Solar Manufacturing*

Dated: May 14, 2026

On behalf of Defendant-Intervenor the American Alliance for Solar Manufacturing, we hereby submit the following comments in support of Defendant United States' April 16, 2026 motion to partially dismiss the complaint filed by, as relevant, plaintiffs M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar (collectively, "MLT Plaintiffs") (noting that the Defendant is moving to dismiss only those Plaintiffs that are relevant for the motion for a preliminary injunction) and in opposition to the motions for preliminary injunctions filed by MLT Plaintiffs and Plaintiff-Intervenor Boviet Solar Technology Co., Ltd. ("Boviet" or "Plaintiff-Intervenor"). *See* Def.'s Partial Mot. to Dismiss and Resp. in Opp'n to Pl's Mot. for a Prelim. Injunction (Apr. 16, 2026) at 1-2, ECF 26 ("Def. Mot. to Dismiss"); *see also* Pls. Motion for Prelim. Inj. (Mar. 25, 2026), ECF 21-22; Pl.-Intervenor's Partial Consent Mot. for Prelim. Inj. (Apr. 23, 2026), ECF 27 ("Boviet Mot. for Prelim. Inj."). We hereby incorporate by reference the arguments made in the April 16, 2026 motion of Defendant United States, which we support in full.  *See* Def. Mot. to Dismiss.

On August 23, 2023, the Department issued a final determination that *Crystalline Silicon Photovoltaic Cells and Modules from Cambodia, Malaysia, Thailand, and Vietnam* were circumventing the Orders on a country-wide basis, with the exception of three companies found to not be circumventing. *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419, 57422 (Dep't Commerce Aug. 23, 2023) (final scope deter. and final affirmative deter. of circumvention with respect to cambodia, malaysia, thailand, and vietnam). The MLT Plaintiffs and Plaintiff-Intervenor were *not* among those non-circumventing companies; therefore, the Department's circumvention

finding applied to these entities. *See id*. Pursuant to the circumvention finding, the Department directed Customs and Border Protection ("CBP") to suspend liquidation of and collect cash deposits of the applicable antidumping and countervailing duties on U.S. imports of solar cells and modules from the aforementioned Southeast Asian countries. *Id*.

Commerce established a certification regime whereby companies like the MLT Plaintiffs and Boviet would not be subject to suspension of liquidation or cash deposit requirements under the circumvention determination if they "complete{d} the applicable certification and me{}t the certification and documentation requirements {}, as well as the requirements identified in the applicable certification." *Id*. at 57,422.

Both the MLT Plaintiffs and Plaintiff-Intervenor imported solar cells and modules in 2023 and 2024 and did not pay duties on those imports, opting instead to file circumvention certifications. Def. Mot. to Dismiss at 6. Neither MLT Plaintiffs nor Plaintiff-Intervenor were interested parties in the U.S. Department of Commerce's ("Commerce") underlying administrative review, covering the 2022-2023 period of review ("POR"), of the antidumping and countervailing duty orders on *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China* (the "Orders") because neither MLT Plaintiffs nor Plaintiff-Intervenors requested a review and neither was requested to be reviewed. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8641, 8643-8644 (Dep't Commerce Feb. 8, 2024). While the administrative review was ongoing, Customs and Border Protection made determinations to reject the MLT Plaintiffs' and Boviet's circumvention certifications and found that the companies' entries were dutiable under the Orders in 2023 and 2024, a period which partially overlapped with the POR of the administrative review subject to this appeal. *See* Chint Compl. (Feb. 23, 2026) at 5, ECF 8; *see also* Boviet Mot. for Prelim. Inj. at

4. The MLT Plaintiffs and Boviet made late requests to Commerce to enlarge the underlying administrative review and review their entries, but these requests were properly rejected as untimely. Rejection of Letters (Dep't Commerce Nov. 24, 2025). Thus, neither the MLT Plaintiffs nor Boviet had reviewable entries in the underlying review and were not interested parties in the underlying proceeding.

The MLT Plaintiffs do not have standing to bring this appeal of an administrative proceeding to which they were not an interested party. As such, the case should be dismissed for lack of subject-matter jurisdiction under the Court's rules. *See* CIT Rule 12(b)(1). Furthermore, because neither the MLT Plaintiffs nor Plaintiff-Intervenor were interested parties in the underlying proceeding, and because the MLT Plaintiffs lack standing to bring this appeal, the Court should reject the MLT Plaintiffs' and Plaintiffs-Intervenor's requests for preliminary injunctions. ECF Nos., 21-22 (Pl. Mot.); *see also* ECF No., 27 (Pl. Intervenor. Mot.).

For the reasons detailed above, the Alliance respectfully submits that this Court should grant the Defendant's partial motion to dismiss pursuant to Rule 12(b)(1), dismissing plaintiffs M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar, and deny these Plaintiffs' and Boviet's motions for preliminary injunctions.

3

Ct. No. 26-00812                                           **PUBLIC DOCUMENT**

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Paul A. Devamithran, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the American Alliance for Solar Manufacturing*

Dated: May 14, 2026

4

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for these Comments, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2021), is 812 words.

*/s/ Timothy C. Brightbill*
(Signature of Attorney)

Timothy C. Brightbill
(Name of Attorney)

American Alliance for Solar Manufacturing
(Representative Of)

May 14, 2026
(Date)