**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR.**

———————————————————————x
                                                           :
CHINT SOLAR (HONG KONG) COMPANY                            :
LIMITED, CHINT SOLAR (JIUQUAN) CO., LTD.,                  :
CHINT SOLAR (ZHEJIANG) CO., LTD., CHINT                    :
NEW ENERGY TECHNOLOGY CO., LTD. (F/K/A                     :    Court No. 26-00812
CHINT NEW ENERGY TECHNOLOGY                                :
(HAINING) CO., LTD.), M.L.T. SOLAR ENERGY                  :
PRODUCT CO., LTD., ASTRONERGY NEW ENERGY                   :
TECHNOLOGY (SINGAPORE) PTE. LTD, and                       :
ASTRONERGY SOLAR,                                          :
                                                           :
                        Plaintiffs,                        :
                                                           :
            and                                            :
                                                           :
BOVIET SOLAR TECHNOLOGY CO., LTD.,                         :
                                                           :
                        Plaintiff-Intervenor,              :
                                                           :
UNITED STATES,                                             :
                                                           :
                        Defendant,                         :
                                                           :
            and                                            :
                                                           :
AMERICAN ALLIANCE FOR SOLAR                                :
MANUFACTURING,                                             :
                                                           :
                        Defendant-Intervenor.              :
———————————————————————x

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS AND
RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs Chint Solar (Hong Kong) Company Limited, Chint Solar (Jiuquan) Co., Ltd.,

Chint Solar (Zhejiang) Co., Ltd., Chint New Energy Technology Co., Ltd. (f/k/a Chint New

Energy Technology (Haining) Co., Ltd.), M.L.T. Solar Energy Product Co., Ltd., Astronergy

New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar (collectively, "Chint"),

hereby respond to the Corrected Partial Motion to Dismiss and Response in Opposition to

Plaintiff's Motion for a Preliminary Injunction, ECF 26 ("Def. Br"), filed on April 16, 2026, by Defendant, the United States, pursuant to USCIT Rule 12(b)(1).[1] Defendant is requesting that this Court: partially dismiss Chint's challenge to the U.S. Department of Commerce ("Commerce" or "Department") final results;[2] and deny Chint's Motion for Preliminary Injunction seeking to restrain Defendant from issuing instructions to liquidate, or from liquidating, certain entries of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules* ("subject solar cells"), from the People's Republic of China ("China") under Antidumping Duty ("ADD") Case No. A-570-979, for the period of review ("POR") December 1, 2022 – November 30, 2023, commonly known as the eleventh annual review ("AR11") of the ADD Order on subject solar cells from China ("China Solar ADD Order").

Defendant's Motion covers subject solar cells/modules that were exported by Plaintiffs M.L.T. Solar Energy Product Co., Ltd. or Astronergy New Energy Technology (Singapore) Pte. Ltd. or imported by Plaintiff Astronergy Solar. Defendant notes that "these are the only plaintiffs relevant for the motion for a preliminary injunction. *See* ECF Nos. 21, 22 at 2," and refers to these companies as "MLT Plaintiffs" in its motion. Def. Br. at 5-6. In this response, Chint refers to these three companies collectively as either "Chint" or "MLT Plaintiffs."

The issues raised by Chint in its Complaint will not be finally resolved in this Court's analysis of Defendant's Rule 12(b)(1) Motion; rather, the sole issue before the Court at this time

---

[1]     Chint is also responding to the Defendant-Intervenor's Comments in Support of Defendant's Motion to Dismiss and Comments in Opposition to Plaintiffs' Motion for a Preliminary Injunction (May 14, 2026), ECF 36, which does not raise any points beyond those briefed by Defendant.

[2]     Although styled as a partial motion to dismiss, Defendant's Motion in effect seeks to completely dismiss Chint's appeal because the Plaintiffs not targeted by Defendant have had the review rescinded for lack of entries, and Chint is not challenging that Commerce determination.

is whether liquidation of entries of subject solar cells/modules exported by MLT Plaintiffs should be enjoined while this Court is considering the issues raised by Chint.

**I.      THE STATUTORY AND REGULATORY SCHEME REQUIRES THAT CHINT BE ALLOWED TO PARTICIPATE IN AR11**

The starting point for this Court's analysis is Section 751(a), Tariff Act of 1930, as amended ("Act"), which provides in pertinent part that:

> At least once during each 12-month period beginning on the anniversary of the date of publication of a . . . {ADD} order under this subtitle. . . the administering authority, if a request for such a review has been received and after publication of notice of such review in the Federal Register, shall . . . review, and determine . . . the amount of any {ADD}, and . . .shall publish in the Federal Register the results of such review, together with notice of any duty to be assessed, estimated duty to be deposited, or investigation to be resumed.

19 U.S.C. § 1675(a).

On its face, Section 751(a) requires that Commerce accept Chint's August 19, 2025, request to review the ADD rate applicable to its exports. The statutory language expressly provides that Commerce "shall review and determine" the amount of ADD due whenever a "request for a review has been received." *Id*. In this case, on August 19, 2025, Chint requested that Commerce review its exports of subject solar cell/module exports. Chint Motion for Preliminary Injunction (Mar. 25, 2026), ECF 21-22 ("Chint PI Motion"), Exhibit 2. This request was based on the fact that in an August 23, 2023, decision in the anticircumvention ("AC") inquiries of subject solar cells from China, Commerce expressly and unequivocally stated:

> If {U.S. Customs and Border Protection ("CBP")} determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/{Countervailing Duty ("CVD")} assessment for the entry.

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells ,*

*Whether or Not Assembled Into Modules, from the People's Republic of China: Final Scope*

*Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Aug. 23, 2023) ("*AC Final*"), Vietnam Issues and Decision Memorandum ("IDM") Comment 15 & Malaysia IDM Comment 14.

In its August 19, 2025, letter, Chint stated that "good cause" existed for Commerce to accept that submission because the letter: (1) "contains information relating to this review period, which was not available prior to the Department's preliminary results;" and (2) "modifies information previously submitted by Chint as to whether Chint had exports and entries of subject merchandise during the POR." Chint PI Motion Exhibit 1 at 5.

On November 24, 2025, Commerce rejected Chint August 19, 2025, letter as untimely, and removed the letter from the administrative record. Commerce did so because:

> the deadline for filing this type of factual information is 30 days before the scheduled date of the preliminary results of review which is March 10, 2025 {and that} the extended deadline for filing written arguments, such as those contained in Chint{'s} . . . submissions, was no later than May 9, 2025. However, Chint . . . filed the submissions in question on . . . August 19, 2025, . . . after the deadlines noted above.

Letter from U.S. Department of Commerce to Chint (Nov. 24, 2025), ACCESS Barcode 4848837.

The propriety of Commerce's November 24, 2025, decision is one of the critical decisions for this Court to decide in this case. However, that issue is not ripe for resolution at this time. Rather, the issue before the Court is whether the failure of Chint to request a review of its AR11 entries by December 31, 2023, constitutes an absolute bar to relief.

Since the statutory language supports Chint's position that this Civil Action should not be terminated with respect to MLT Plaintiffs exports at this time, Defendant looks for support for its argument in Commerce Regulations. In its Motion, Defendant summarized the Regulations as:

> After Commerce publishes a duty order, the statute requires, at least once every 12 months, that Commerce provide an opportunity for interested parties to file requests to review the duties on merchandise entered during a particular period of review. *See* 19 U.S.C. § 1675(a)(1); *BMW of N. Am. LLC v. United States*, 926 F.3d 1291, 1298 (Fed. Cir. 2019). During the anniversary month, "an exporter or producer covered by an order" specifically "may request in writing that the Secretary conduct an administrative review of only that person." 19 C.F.R. § 351.213(b)(2). However, if Commerce does not receive a timely request for an administrative review, it instructs Customs to (1) assess duties at "rates equal to the cash deposit of ... estimated antidumping duties ... required on that merchandise at the time of entry" and (2) continue to collect cash deposits at the existing rate. 19 C.F.R. § 351.212(c)(1)(i)–(ii). If an administrative review is not conducted, the cash deposit rate from the final determination in the underlying investigation or the most recently completed administrative review will be the basis for the final duty assessed. *See id.* "{W}here no valid request {for a party} is received, Commerce is not required to conduct an {administrative review} and may instruct Customs to automatically assess duties." *Goodluck India Limited v. United States*, 670 F. Supp. 3d 1353, 1374 (Ct. Int'l Trade 2023) (citing 19 C.F.R. § 351.212(a), (c)).

Def. Br. at 14 (emphasis added).

Defendant's summary of the governing regulations is not inaccurate. Another informative summary is found in the introduction to Section 351.212, Commerce Regulations:

> ***Introduction.*** Unlike the systems of some other countries, the United States uses a "retrospective" assessment system under which final liability for antidumping and countervailing duties is determined after merchandise is imported. Generally, the amount of duties to be assessed is determined in a review of the order covering a discrete period of time. If a review is not requested, duties are assessed at the rate established in the completed review covering the most recent prior period or, if no review has been completed, the cash deposit rate applicable at the time merchandise was entered.

19 C.F.R. § 351.212(a). Section 351.213, Commerce Regulations discussion is similar.

> ***Introduction.*** As noted in § 351.212(a), the United States has a "retrospective" assessment system under which final liability for {ADD/CVD} is determined after merchandise is imported. Although duty liability may be determined in the context of other types of reviews, the most frequently used procedure for determining final duty liability is the administrative review procedure under section 751(a)(1) of the Act. This section contains rules regarding requests for administrative reviews and the conduct of such reviews.

19 C.F.R. § 351.213(a).

The problem with Defendant's argument is that at the time when Chint was permitted to request an AR (by December 31,2023), the MLT Plaintiffs were not exporters or producers of merchandise covered by the China Solar ADD Order. Their exports during this POR were subject to the solar ADD/CVD moratorium and importers of solar products exported by MLT Plaintiffs entered these goods without deposit of ADD by filing "Appendix IV" Certifications with CBP. Since they did not file "03" entries, MLT Plaintiffs did not have the right to request an Annual Review of the China Solar ADD Order during its anniversary month in December 2023.

In light of these facts, which Defendant "acknowledge{s} . . .is an unusual circumstance," Def. Br. at 16, the time restrictions in Section 351.213 cannot apply to Chint. Since Section 351.213 does not apply, Commerce could have fulfilled its statutory mandate to review Chint exports which CBP had deemed subject to the China Solar ADD Order in general, and AR11, in particular, by accepting Chint's August 19, 2025 letter to include MLT Plaintiffs exports in AR11. Chint has challenged the Department's rejection of that letter in its Complaint (Feb. 23, 2026), ECF 8, ¶ 29. Accordingly, this Court should deny Defendant's Motion so that its final decision on the merits also will apply to entries of MLT Plaintiffs exports.

## II.    MLT PLAINTIFFS ARE INTERESTED PARTIES

Defendant argues that MLT Plaintiffs are not interested parties because "no party, including Chint, requested a review" of these entities. Def. Br. at 14. In support of this argument, Defendant directs the Court's attention to the statutory definition of the term "interested parties" and then notes that "Plaintiffs are not a foreign manufacturer, producer, or exporter of subject merchandise subject to the review." *Id*. at 15. Defendant continues: "Where, as here, a company fails to request to be reviewed, its entries are not subject merchandise and that company is not an interested party .. . .Without being an interested party, these Plaintiffs lack standing to bring this

6

case to the Court. *See* 28 U.S.C. § 2631(c). Accordingly, this Court lacks jurisdiction here." *Id*. at 17-18.

Defendant has misconstrued the statutory scheme. The term "interested party" is defined in Section 771(9)(A) of the Act as "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise or a trade or business association a majority of the members of which are producers, exporters, or importers of such merchandise." 19 U.S.C. § 1677(9)(A). This definition is repeated in Section 351.102(29)(i) – (iii), Commerce Regulations. Section 351.102(29)(4) then defines Respondent interested party as "an interested party described in subparagraph (A) or (B) of Section 771(9) of the Act."[3] 19 C.F.R. § 351.102(29)(4). The term "subject merchandise" is defined in Section 771(25) of the Act as "the class or kind of merchandise that is within the scope of an investigation, a review, a suspension agreement, an order under this subtitle or section 1303 of this title, or a finding under the Antidumping Act, 1921." 19 U.S.C. § 1677(25).

These definitions do not limit the term "interested party" to a party "subject to the review," or the term "subject merchandise" to merchandise exported/imported by a party subject to a review. In this case, CBP placed MLT Plaintiffs squarely within the statutory and regulatory definition of "interested party" when CBP changed the status of "Astronergy's entries in the CBP system from types not subject to . . . {ADD/CVD} Orders, such as Type "01", to types subject to the ADD/CVD Orders on solar cells from China, such as entry Type '03'". Complaint ¶ 15. In December 2023, the MLT Plaintiffs were not exporters or producers "covered by an order" for purposes of 19 C.F.R. § 351.213(b)(2), and had no reviewable suspended entries for which an

---

[3]     Section 771(9)(B) of the Act refers to "the government of a country in which such merchandise is produced or manufactured or from which such merchandise is exported." 19 U.S.C. § 1677(9)(B). This statutory subsection is not relevant to this case.

administrative review could effectively be requested.

Before that decision was made by CBP, MLT Plaintiffs were not interested parties. Thus, since Defendant's claim that MLT Plaintiffs are not "interested parties" misconstrues the law, Defendant's argument that this Court does not have jurisdiction over Chint's exports, pursuant to Section 516a(a) of the Act and 28 U.S.C. § 2631(c) is similarly erroneous. These statutes provide that "an interested party who is a party to a proceeding" has the right to file an action in this Court challenging Commerce's decision in an Annual Review, 19 U.S.C. § 1516a(a), and that a Civil Action challenging the results of an Annual Review may be commenced "by any interested party who was a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(c).

In this case, MLT Plaintiffs became interested parties when CBP changed the status of Astronergy Solar entries. They also became "parties to the proceeding" when, by letter dated August 19, 2025, Chint (including MLT Plaintiffs) requested that Commerce "review Chint entries" to determine whether they, in fact, and as a matter of law, should be subject to the China Solar ADD Order. Chint Motion Exhibit 1 at 5. In its Complaint, Chint has raised the issue whether Commerce's decision to reject that letter conforms to law. Complaint ¶ 29. This Court will address that issue after full briefing during the course of this litigation. For purposes of deciding to dismiss this case, at this time, for lack of jurisdiction, the Court should accept the fact that MLT Plaintiffs are interested parties who were parties to the proceeding.

III.   *GOODLUCK* **IS CLEARLY DISTINGUISHABLE FROM THE FACTS, CIRCUMSTANCES, AND LEGAL ISSUES RAISED IN THIS CASE**

Defendant's Motion relies in large part on this Court's decision in *Goodluck*, 670 F. Supp. 3d 1353, as precedent for its claim. Def. Br. at 14-17. In *Goodluck,* the Court affirmed Commerce's decision that Goodluck's failure to file a request for the third administrative review

("AR3") during the anniversary month of an ADD Order on certain cold-drawn mechanical tubing ("mechanical tubing") from India effectively precluded Goodluck from requesting a review at a later date. *Goodluck*, 670 F. Supp. 3d at 1368-83. The Court reasoned that the fact that subject mechanical tubing produced and exported by Goodluck were "provisionally excluded" from the ADD Order did not mean that Goodluck was excluded or that Goodluck did not have the responsibility of making a timely review request during the Anniversary Month. *Id*. at 1375. The specific facts and circumstances underlying this decision were that:

1) Goodluck remained covered by the ADD Order, insofar as subject merchandise produced by Goodluck and not exported by Goodluck, or exported by Goodluck but not produced by Goodluck, were not provisionally excluded;

2) "Goodluck does not offer any other statutory or regulatory authority for an enduring right to request";

3) Commerce's "*Timken* Notice" which "provisionally excluded" certain Goodluck entries from the Order also provided that "suspension of liquidation {of the excluded entries} must continue during the pendency of the appeals process . . . at a cash deposit rate of 0.00 percent"; and

4) Goodluck was challenging Commerce's liquidation instructions to CBP that Goodluck AR3 entries should be liquidated at the rate of 33.7 percent because no party had requested that Commerce conduct a review of these entries.

*Id*. at 1362-74 (quoting *Notice of Court Decision Not in Harmony with Final Determination of Sales at Less Than Fair Value; Notice of Amended Final Determination Pursuant to Court Decision; and Notice of Revocation of Antidumping Duty Order, in Part*, 85 Fed. Reg. 31,742, 31,742-43 (May 27, 2020)).

In reaching its decision in *Goodluck*, the Court expressly recognized that: "The holding here is a narrow one." *Id*. at 1374. The Court continued:

The court expresses no view on whether a full provisional exclusion from an antidumping duty order in a <u>Timken</u> notice would, for the purposes of 19 C.F.R. § 351.213(b)(2), render a producer or exporter no longer "covered by" that order, and if so, whether Commerce would owe additional process. Moreover, because it

9

has not been argued that Commerce is entitled to deference to its interpretation, the court does not reach that question. . . . Addressing Goodluck's argument as presented, . . . the court concludes only that the agency action in this case does not conflict with the plain meaning of "covered by" in 19 C.F.R. § 351.213(b)(2).

*Goodluck India,* 670 F. Supp. 3d at 1373.

The facts and circumstances in the instant case are significantly different from the facts which led the Goodluck court to issue its "narrow" holding.

First, MLT Plaintiffs were never itself covered by the China Solar ADD Order in the same manner as Goodluck was covered by the ADD Order on mechanical tubing from India. The China Solar ADD Order was expanded by the anticircumvention investigation to cover certain products produced in and exported from Cambodia, Malaysia, Thailand and Vietnam ("CMTV"). *AC Final*, 88 Fed. Reg. 57,419. MLT Plaintiffs exports of solar modules from Thailand, incorporating cells made in Thailand, were not initially included in the Solar China ADD Order and then provisionally excluded from that Order – as occurred in *Goodluck*. Rather, neither MLT Plaintiffs nor solar modules produced in Thailand by MLT Plaintiffs which were exported and/or entered during AR11 in Thailand were included in the China Solar ADD Order.

Second, Chint has provided Commerce and this Court with statutory and regulatory authority as to why it is entitled to an Annual Review. As discussed above, Section 751(a) of the Act mandates that Commerce conduct an annual review when requested to do so by an interested party and Section 351.213, Department Regulations, does not provide that the anniversary month of an Order is the only time in which an interested party has the right to request a review. And significantly, in this case, Commerce expressly stated that an importer whose AC Certifications were rejected by CBP had the right to request a review:

> We now turn to the comments regarding deficient or incorrect certifications and the documentation that must be maintained in connection with the certifications. If CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the

importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD assessment for the entry. Regarding corrections to certifications, CBP already has provisions in place for importers to correct entry summary information, including certification information, through such means as a post summary correction or a prior disclosure.

*AC Final*, 88 Fed. Reg. 57,419, Malaysia IDM Comment 14.

In this case, CBP did not reject Chint's AC Certifications until after the normal time to request a review of AR11 entries had passed. In December 2023, when AR11 could have been requested pursuant to Section 351.213, MLT Plaintiffs were not themselves subject to the China Solar ADD Order and did not have any exports subject to that Order. Thus, at that time, MLT Plaintiffs were not exporters or producers "covered by an order" for purposes of 19 C.F.R. § 351.213(b)(2), and had no reviewable suspended entries for which an administrative review could effectively be requested. Indeed, if MLT Plaintiffs had requested a review, that request would have been rejected since they did not have any reviewable entries. *See, e.g., Certain Softwood Lumber from Canada: Preliminary Results and Intent to Rescind, in Part, of Antidumping Duty Administrative Review*, 91 Fed. Reg. 19,102 (Apr. 14, 2026), Decision Memorandum § IV ("for an administrative review to be conducted, there must be a reviewable, suspended entry that Commerce can instruct CBP to liquidate at the calculated AD assessment rate for the review period."); *Truck and Bus Tires from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 44,260 (July 12, 2023), IDM § IV ("Because there is no evidence on the record to indicate that Chongqing Hankook had entries, exports, or sales of subject merchandise during the POR, we are rescinding the review with respect to this company, consistent with 19 CFR 351.213(d)(3).")

11

Thus, in requesting to be included in AR11, Chint acted in accordance with Commerce's instruction "that if CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders*, the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate AD/CVD assessment for the entry." *AC Final*, 88 Fed. Reg. 57,419, Malaysia IDM Comment 14. Chint specifically, by letter dated August 19, 2025, requested that Commerce review its exports to determine whether ADD applied. Chint PI Motion Exhibit 1. As discussed, Commerce's decision to summarily reject Chint's letter was contrary to law, and its argument that Chint was precluded from requesting AR11 when it did is contrary to Commerce's statement that parties whose AC Certifications were rejected by CBP had the right to an Annual Review.

Third, Chint timely commenced this action by filing its Summons and Complaint after Commerce concluded AR11, by publishing *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2022-2023*, 90 Fed. Reg. 60,060 (Dec. 23, 2025). While this factor arguably is a distinction without a difference between this case and *Goodluck*, Chint clearly has the right to bring this action at this time.

Finally, while the facts in this case are clearly distinguishable from the facts before this Court in *Goodluck*, it also is clear that this Court is not bound by the *Goodluck* rationale. *See Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989) ("among trial courts it is unusual for one judge to be bound by the decisions of another and, if it is to occur, such a rule should be stated somewhere. That is not done here"); *D&L Supply Co. v. United States*, 22 CIT 539, 540 (1998) ("the Court notes that it is not bound by a decision of another judge of the same court, although such a decision may be persuasive precedent"). Indeed, Chint's counsel, who

also was *Goodluck*'s counsel, respectfully submits that *Goodluck* was improperly deprived of its right to an Annual Review of its AR3 entries, in light of the statutory language and Commerce's practice in provisional revocation scenarios. However, as discussed above, the *Goodluck* rationale does not apply to the facts and circumstances underlying Chint's request for AR11. Regardless of whether this Court agrees with Goodluck's holding and rationale, this Court should conclude that liquidation of entries of solar products exported from Thailand by MLT Plaintiffs should be enjoined pending a final decision on the merits of Chint's claim.

## IV.    CHINT IS ENTITLED TO A PRELIMINARY INJUNCTION

In the final section of its Motion, Defendant argues that this Court should deny Chint's Motion for a Preliminary Injunction. Def. Br. at 18-21. Defendant initially claims that the Motion should be denied because this Court lacks jurisdiction because MLT Plaintiffs did not file a timely request for AR11. *Id*. at 18. As discussed in detail above, jurisdiction exists. Sections I-II, *supra*. Moreover, Defendant argues that this Court should deny the injunction based on the four factor test. Def. Br. at 18-21. A discussion of these factors follows.

### A. Likelihood of Success on the Merits

**Defendant:** the actual dispute is with CBP's conversion of entries after CBP determined that MLT Plaintiffs' circumvention certificates did not comply with the requirements set forth by Commerce. *See* Pl. Mot. at 16-18. MLT Plaintiffs' likelihood of success on the merits section discusses CBP regulations, decisions, and practices. *See id.* This dispute, however, is not with this administrative review. . . .

Unlike this Court, Commerce lacks authority to review and reverse CBP determinations or change the assessment rates of entries for which no timely review request was made. Any unique circumstances are actually a deficiency in plaintiffs' certifications, which determined that Plaintiffs had not met the requirements as set forth in Commerce's instructions.

Def. Br. at 19.

**Chint Response:** In its Complaint, Chint argues that the following actions by Commerce

are contrary to law:

1) Issuing instruction that entries of solar products exported by Chint should be assessed ADD at the China-wide entity rate of 238.95 percent;

2) rejecting Chint's August 19, 2025 letter, containing information that Chint had exports of entries of solar products subject to AR11 because of CBP's decision to reject Chint AC Certifications;

3) ignoring Commerce's express and unequivocal directive that "if CBP determines that an importer or exporter's certification does not conform to Commerce's requirements, such that the entry is subject to the *Orders,* the importer or exporter can request an administrative review of that entry wherein Commerce will determine the appropriate ADD/CVD assessment for the entry";

4) concluding that certain Chint had no exports or entries subject to AR11, after Chint had advised Commerce that such exports and entries existed because of a decision by CBP reject Chint AC Certifications;

5) reasoning that Chint entries subject to AR11 should not be assessed a separate rate; and

6) refusing to review CBP's decision that defects in Chint's AC Certifications resulted in Chint's AR11 entries being subjected to ADD at the China-wide rate.

Complaint at 7-9 (quoting *AC Final*, 88 Fed. Reg. 57,419, Vietnam IDM Comment 15 & Malaysia IDM Comment 14).

Defendant is correct that Chint has a dispute with CBP over "CBP's conversion of entries after CBP determined that MLT Plaintiffs' circumvention certifications did not comply with the requirements set forth by Commerce." Def. Br. at 19. But Chint has an equally meritorious dispute with Commerce, which expressly and unequivocally advised Chint that it had a right to an Annual Review if CBP rejected its AC Certifications. In short, for the reasons discussed in Chint's PI Motion, its likelihood of success on the merits is more than sufficient to be entitled to injunctive relief.

### B. Irreparable Injury

**Defendant:** MLT Plaintiffs . . . assert that, absent the Court's intervention, their entries will be liquidated with {ADD}. . . . The risk of irreparable harm, however,

is premised on the assumption that were the entries liquidated, this would render moot any relief. But this just assumes the Court can provide relief in the first place, which would require Plaintiffs to have been subject to the review.

Def. Br. at 20.

**Chint Response:** Defendant's position is double-talk. Defendant states that "the risk of irreparable harm is premised on the assumption that were the entries liquidated, this would render moot any relief." *Id*. The premise that liquidation of Chint entries at a 238.95 percent ADD rate would constitute irreparable harm is not a premise based on an assumption; rather, it is the real consequence of liquidation. Liquidation would deprive Chint of its statutory right of review. It would deprive Chint of its right to challenge Commerce's failure to properly administer the AC Certification scheme which Commerce created. CBP does not have the right to challenge Commerce's calculation of ADD rates, and liquidation of Chint's entries at this punitive rate would result in Astronergy being subject to ADD liability of a very substantial amount of money. *See* Chint PI Motion at 4, 13-14.

For these reasons, this Court has held that "liquidation of entries extinguishes the underlying *res* and the accompanying cause of action, stripping {the} Court of the ability to provide a remedy to an importer." *Laclede Steel Co, v. United States*, 20 CIT 712 (1996). The U.S. Court of Appeals for the Federal Circuit has concurred finding that liquidation eliminates the only remedy available. *See Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) ("The statutory scheme has no provision permitting reliquidation in this case or imposition of {a different rate for} dumping duties after liquidation if {plaintiff} is successful on the merits"). Accordingly, the consequences of liquidation prior to a final court decision constitute irreparable harm. *Id.* at 811. This injury is not only because of the economic loss, but also by the deprivation of its statutory right to obtain meaningful judicial review. *NMB Singapore Ltd. v. United States*, 24 CIT 1239, 1243-44 (2000) (citing *Chr. Bjelland Seafoods A/S v. United States,*

19 CIT 35, 51 (1995); *PPG Indus. v. United States*, 11 CIT 5, 7 (1987); *OKI Elec. Indus. Co., Ltd. v. United States*, 11 CIT 624, 630-31 (1987); *Timken Co. v. United States*, 6 CIT 76, 79 (1983). "Absent a preliminary injunction suspending liquidation, judicial review could not provide the plaintiff with meaningful relief. Any judicial remedy would be fruitless." *NMB Singapore*, 24 CIT at 1244.[4]

Finally, under the statute, Chint is entitled to relief under this Court's ultimate judgment in this case only as to entries that are enjoined by the Court. 19 U.S.C. § 1516a(e)(2). Hence, without an injunction, Chint will unquestionably suffer irreparable harm.

In light of this factor alone, this Court should deny Defendant's Motion.

### C. Public Interest and Balance of Hardships

**Defendant**: The public interest weighs heavily in favor of denying the request for an injunction. It is squarely in the interest of the public that the Court uphold the jurisdictional limitations on its own ability to adjudicate a dispute where the statute demands it. Further, the requested remedy would hamper the administrability of the {ADD/CVD} and would particularly burden the certification regime. Forcing Commerce to review entries for which no timely request was made would effectively create a system of haphazard administrative reviews that would replace the orderly and predictable annual system of reviews that is based on the regulatory requirement to make a timely review request during the anniversary month. *See* 19 U.S.C. § 1675(a)(1); *see also* 19 C.F.R. § 351.213(b)(1). Accordingly, the balance of hardship weighs in favor of the Government.

Def. Br. at 16-17.

**Chint Response:** Unless its request for an injunction is granted, Chint faces a "viable threat of serious harm which cannot be undone." *Zenith*, 710 F.2d at 810. In contrast, Defendant "would be at most inconvenienced by the suspension of liquidation." *Timken*, 6 CIT at 81. Defendant will suffer no material harm from the delay in liquidation because the continued

---

[4]    Defendant appears to argue that this Court should reject this Court's longstanding policy to rely on "statutory injunctions" to enjoin liquidation of entries pending final judicial decision of challenges to the results of Commerce Annual Reviews. *See* Def. Br. at 13. But statutory injunctions have not been abandoned.

suspension of the subject entries will enable it to ultimately collect whatever ADD (if any) are appropriate for Chint's AR11 entries in accordance with this Court's final decision on this matter. Thus, the balance of hardships favors Chint and its request for an injunction.

Moreover, the public interest is best served by effective enforcement of the trade laws, ensuring that the correct ADD are collected. *Smith-Corona Group v. United States*, 1 CIT 89, 98 (1980). As discussed above, continuing the suspension of liquidation pending a final decision in this case will ensure that the correct ADD are collected. The public interest is thus best served by maintaining the *status quo* pending a final decision on the merits. *Id.*

In addition, the injunction will preserve the serious questions raised by Chint with respect to the appropriate liquidation of MLT Plaintiffs AR11 entries. Absent the ability to preserve these issues, plaintiffs' "statutory right to obtain judicial review of the determination would be without meaning." *Zenith*, 710 F.2d at 810. Accordingly, the requested injunction is essential to the effective enforcement of the ADD laws and Chint's ability to obtain meaningful judicial review, as is its right under the law. *Id.*

## CONCLUSION

For the foregoing reasons, Chint respectfully requests that this Court: deny Defendant's Partial Motion to Dismiss; and grant Chint's Motion for a Preliminary Injunction.

<div style="margin-left:50%">

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak*
Jordan C. Kahn
Elaine F. Wang
Brandon M. Petelin

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

*599 Lexington Ave., 36th Floor
New York, New York 10022

</div>

17

(212) 557-4000
**

1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Chint Solar (Hong Kong) Company Limited, Chint Solar (Jiuquan) Co., Ltd., Chint Solar (Zhejiang) Co., Ltd., Chint New Energy Technology Co., Ltd. (f/k/a Chint New Energy Technology (Haining) Co., Ltd.), M.L.T. Solar Energy Product Co., Ltd., Astronergy New Energy Technology (Singapore) Pte. Ltd, and Astronergy Solar*

Dated:  June 17, 2026

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Ned H. Marshak, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures  Excluding any table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 5,508 words.

/s/ Ned H. Marshak
Ned H. Marshak

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs*

June 17, 2026

15272684_3